## CORRIELL v. DOOLITTLE.

In a suit commenced by attachment, a general judgment was rendered and upon it a special execution issued, on which the property attached was sold; held that the sale was valid.

Where a judgment has been assigned, it is not necessary to make the assignee a party by *scire facias*, to enable him to sue out an execution in the name of the party who recovered judgment.

Where a sheriff's return of an execution sale, does not show that notice of the sale was served upon execution defendant, it will not be presumed, that notice was not given.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J. Ejectment by Curtis M. Doolittle against W. W. Corriell, for lot ninety in the city of Dubuque. Plea of not guilty; trial by the court, and judgment for the plaintiff.

Upon the trial, the plaintiff offered in evidence, the record of a judgment rendered in the district court of Dubuque county, Nov. 18, 1841, against said Corriell in favor of Andrew Keesecker, for the sum of $493,92. Also a special execution and sheriff's deed showing a sale to him of the lot in question, under said judgment, on the fourth day of January, 1845. In connection with this evidence, the following facts were admitted: 1. that the judgment had been assigned by Keesecker to Doolittle before the execution was issued; 2. that the sheriff's returns on the execution were regular, with the exception, that they did not state that the sheriff gave notice in writing to the defendant in execution, or leave such notice at his last usual place of abode, as required by *Rev. Stat.*, p. 633, § 9. 3. that the defendant was in possession of the premises at the commencement of the suit. The case having been by agreement, submitted to the decision of the judge, without the intervention of a jury, the defendant objected that the evidence was not sufficient to entitle the plaintiff to recover, but the court decided otherwise, and rendered judgment accordingly in favor of the defendant in error.

48.

Three points are urged in this court, to show that the decision below was erroneous.

1. That the judgment was general upon which the sale was made, and a special execution issued thereon. By the record it appears, that the suit upon which the judgment was rendered, had been commenced by attachment, and that although the court rendered a general judgment, the execution was issued pursuant to the writ of attachment. To have been strictly regular and formal, the judgment should have ordered a special execution upon the property attached. But that omission in the form of the judgment, could not vacate the attachment lien. It ran conjointly into the judgment and execution from the date of the attachment levy, and we think the special execution was fully authorized by that levy and the resulting lien, even without the special order in the judgment. Again, it was one of those irregularities in form, which might have been at any time corrected *nunc pro tunc*. The record in the case, affords ample data for such correction had the objection been urged at the proper time, on motion to set aside the execution or levy thereon, and hence we cannot regard it as one of those substantive defects, which can invalidate a title acquired under a judicial sale. It was not a defect which could result in any inconvenience or injury to the execution defendant, and therefore the objection should not prevail.

The form of the execution is unexceptionable. Upon its face, it conferred complete authority for the sale. It recites the original attachment and levy; describes with precision the judgment upon which it issued, and directs a sale of the property attached. So.far then, from being a void execution, we cannot regard it as even voidable, for it clearly shows and follows the judgment upon which it was founded. The order to sell special property, is not only authorized by the nature of the proceedings, but also by the general and unlimited order that an execution should issue. This authority for a general execution nec-, essarily includes a warrant for one of a more limited or

special character; as the minor warrant is obviously comprised under the greater.

2. That Doolittle ought to have been made a party to the record by *scire facias*, before the execution was issued, because he was the only person beneficially interested in the judgment. We can see no necessity or propriety for such a proceeding. The mere assignment of a judgment can have no tendency to impair the liability of the judgment debtor, nor the right of the creditor to an execution, in the name of the party for whom the judgment was rendered. The only change that an assignment can effect is, to substitute the assignee as recipient of the money paid in satisfaction of the judgment. The assignment can effect no change in the parties to the execution. It could only issue in the name of the party who recovered the judgment, for if otherwise issued, the execution would not be following the judgment, and could not therefore be warranted by it. In *Hamilton* v. *Lyman*, 9 Mass. 14, it was held, that where one of two or more judgment creditors dies, after judgment and before execution, that the execution should issue in the name of all the creditors, and that the survivors should not be put to their *scire facias*. Indeed this resort to a *scire facias*, appears to be necessary only to revive an execution lost by lapse of time, or where the execution is to issue in the name of a person not a party to the record, occasioned by the *marriage, bankruptcy*, or *death* of the original party, so as to substitute the representative of such party as a privy to the judgment; but no authority has been produced in support of this practice in a case like the present. Such a proceeding would occasion unnecessary delay, expense and inconvenience, without any resulting benefit or security to execution defendants.

3. That the sheriff did not state in his execution returns that he gave notice in writing to the defendant as required by the "valuation law." *Rev. Stat.* p. 633, § 9. Section eight of that act provides : "that any sheriff or other officer levying an execution upon any real estate, shall, previous

Corriell v. Doolittle.

to offering the same for sale, give at least four weeks notice of the time and place of such sale, by posting up written advertisements thereof, in four of the most public places in the county in which such real estate may be situated." The next section, after pointing out the duties of the officer in cases where the property taken and sold on execution, should not sell for a sum sufficient to satisfy the debt, &c. provides, that he should "make returns of his doings thereon as in other cases; and in all cases in addition to the above notifications of such sales, the officer shall give notice in writing to the defendant in execution, or leave such notice at his last or usual place of abode." It is admitted that the returns of the sheriff were full and perfect in every particular, except in relation to the above written notice upon the defendant. This special notice was required in all cases, and without it the sale of property belonging to an execution defendant residing within the state, would be considered at least irregular, and as between original parties to the judgment and execution, would doubtless be deemed sufficient to invalidate the sale. But the validity of a sale under such an irregularity need not be considered in the present case, either as to the original judgment creditor, or as to his assignee, nor yet as to third parties; for we cannot in the absence of proof take it for granted that legal notice was not given. The mere silence of the sheriff's returns in relation to that special notice cannot create a legal presumption against any party that it was not regularly given. But it is contended that it should expressly appear by the returns, that the officer gave this notice. The returns would have been more complete if that fact had been stated in them; still we cannot regard the omission as an irregularity which can impair the validity of the sale. *Humphreys* v. *Beeson*, 1 G. Greene, 199, 214.

While the statute directs the officer to make return of his doings in other particulars, it gives no such direction in relation to this special notice. Hence it cannot be considered as the omission of even a directory duty under the statute.

Corriell *v.* Doolittle.

The principle is generally asserted in the books, that the validity of a judgment sale does not depend upon the regularity of the sheriff's returns; and that principle has been fully adopted by this court. *Humphreys* v. *Beeson*, 1 G. Greene, 195, 215. *Hopping* v. *Burnam*, Ante. 39.

We conclude then that no irregularities are disclosed in this case, which can be considered sufficient to impeach the judgment title upon which the defendant in error recovered in the court below.

In arriving at this conclusion we freely acquiesce in the position assumed by counsel for the plaintiff in error, that when the party for whose benefit the execution was issued becomes the purchaser, he should be held accountable for irregularities, which would not affect a *bona fide* sale to a third party. But we think that the irregularities complained of in this case, should not prove available even against the original judgment creditor, had he purchased the land.

Judgment affirmed.

*P. Smith*, for plaintiff in error.

*S. Hempstead*, for defendant.