Dewey, J.
The title of the demandant is derived through a levy of an execution in favor of Ansel Carpenter and Nathaniel C. Dana against Dan Carpenter, upon the demanded premises, made on the 23d of April, 1849 ; a previous assignment of the judgment upon which this execution issued; and a subsequent conveyance by deed from Ansel Carpenter and Nathaniel C. Dana to him, made on the 11th of February, 1851. The tenants deny the validity of the title through the levy of this execution, and this raises the first question in the case.
The defect relied upon is, that the judgment upon which this execution was issued was a judgment in favor of George *389 Crawford, Ansel Carpenter, and Nathaniel C. Dana, while the execution was issued only in the name of two of those persons, namely, Carpenter and Dana. Hence it is argued, that there was no judgment authorizing this execution, inasmuch as the execution must be founded on a judgment, and must be issued in the name of the same parties.
The demandant conceding the general position, that the judgment must be followed in issuing the execution, attempts to take this case out of the general rule by reason of its peculiar circumstances. George Crawford, one of the judgment creditors, died after the rendition of the judgment and before the issuing of the execution. It also appeared by the clerk’s docket, that the death of George Crawford was suggested on the same by the demandant’s attorney, who was also the party in interest, before the execution issued.
The death of one of the plaintiffs, as would seem to be well settled by numerous authorities, did not necessarily require any change of parties, and the execution might properly have issued in the name of all the judgment creditors. When no new party is introduced, nor any one affected beyond the original parties to the judgment, no scire facias is necessary before issuing an execution, in case the death of one of the parties has intervened between the time of the judgment and the issuing of the execution. Pennoir v. Brace, 1 Salk. 319; 2 Tidd’s Tract. (1st Amer. ed.) 1029; Hamilton v. Lyman, 9 Mass. 14. But though the execution may thus be issued in the name of all, it may also, by the practice in the English courts, be issued in the name of the survivors; upon a suggestion being made on the roll of the death of one of the judgment creditors. Withers v. Harris, 2 Ld. Raym. 808; Hamilton v. Lyman, 9 Mass. 14.
The further inquiry is, whether that was done in the present case, which, under our forms of practice, is to be deemed equivalent to a suggestion on the roll. The suggestion was made on the clerk’s docket. It is true that the clerk’s docket is not the technical record of the judgment, but it is the temporary record of the proceedings in a cause; and would be in most eases the only record of the case upon which such *390 suggestion could be made. Ordinarily it would be made, it at all, very soon after the judgment was rendered. But at this period, and usually up to the time of issuing the execution, there has been no extended record made of the judgment. The only evidence of its existence is the memorandum on the clerk’s docket. A suggestion there made is another entry in reference to such case, and may be carried forward to the extended record, as a part of the history of the case, and we are to presume was so done in the present case. The docket is the record until the record is fully extended. Read v. Sutton, 2 Cush. 123. This, as it seems to us, was sufficient, and under the authority of the case of Hamilton v. Lyman, 9 Mass. 14, would be a good answer to the objection of variance between the judgment and the execution here.
2. It is then contended that if this levy be good and effectual, the title to one of the lots for which this action is brought nevertheless did not pass to the demandant, because one John B. Read acquired title thereto by virtue of an attachment on a writ in his favor against said Carpenter and Dana, made on the 13th of September, 1849, and a judgment and levy of execution under the same, and afterwards conveyed his interest to one of the tenants.
This attachment and levy, the demandant asserts, do not defeat his title. He insists that his claims are prior in time, and of such a nature that they give him a priority in law to the title of the defendant derived through Read’s levy upon Carpenter and Dana’s interest. This depends upon the effect to be given to the assignment of the demand of Carpenter and-Dana against Dan Carpenter. That assignment was prior in point of time to the attachment of Read; but the deed made to give it full effect and pass the formal title was made after the attachment by Read. The demandant must sustain the position that his title is not to be limited in date to the time of the execution of the deed by Carpenter and Dana to him, but that the assignment and deed taken together give him the prior title.
We give effect to assignments of choses in action, authorizing their enforcement in the name of the original party, but *391 protecting the rights of the assignee as against those acting with notice of such assignment. The demandant was such assignee of a debt due to Carpenter, Crawford and Dana from Dan Carpenter. This debt was secured by an attachment of the real estate of the debtor; a judgment was obtained and an execution levied upon the same estate, to satisfy the debt and costs. This proceeding was necessarily in the name of Carpenter and Dana, but for the benefit of the assignee. The levy was made April 23d, 1849, and seizin and possession was given by the officer “ to Apolles Cushman, who is the party in interest as well as the attorney.” The demandant at that time held an assignment of this debt, but such assignment was not recorded until February 4th, 1850. In the mean time, Read made an attachment of the estate thus levied upon, by his writ of attachment against Carpenter and Dana, and subsequently obtained a judgment, and made'a levy thereon; but not until after the assignment to the demandant was recorded. At a still later period, February 11th, 1851, Cushman received his deed from Carpenter and Dana, confirming his title as assignee by this further assurance.
The point of inquiry here is precisely this: Do the facts show a good title to the land in Cushman, as against a creditor of the judgment creditor who attached the same after the levy, but before the execution of a deed of release from such judgment creditor to Cushman? _
The case of Brown v. Maine Bank, 11 Mass. 113, seems to be in point for the demandant. That, like the present, was the case of an assignment of a judgment and a levy of execution on real estate of the debtor, and an attachment by a creditor of the judgment creditor, before any deed was executed to the assignee. It was there as here argued that the title had not vested in the demandant at the time of the making of the attachment under which the tenant claimed. But it was held that notice of this inchoate title would defeat the subsequent attachment of the property as the real estate of the judgment creditor. The notice shown in that case was notice to the attorney who instituted the suit. The notice here *392 is in a different form, but one directly connected with the title of the judgment creditor. The only title he acquired was through the levy of the execution issued on the judgment that was assigned.
In making this levy, and as a part thereof, the officer delivered the possession of the premises to Cushman, the demandant, and in the return of his doings in making such levy, and which alone constitutes the title of the judgment creditor, the officer returns that he delivered the seizin and possession of the premises to said Cushman, “ who is the party in interest.” This was a part of the return which was duly recorded before the attachment of Read. This was sufficient to protect the interest of an assignee of a chose in action, enforcing the same by a suit and levy upon land.
Carpenter and Dana had- no interest in the land except through the proceedings carried on by the assignee, who at the time of the levy took the possession personally and in bis own interest. This equitable title as assignee he subsequently confirmed by a deed from Carpenter and Dana, which deed, when executed, taken in connection with the other facts proved, establishes the priority in title in the demandant.
3. The further objection, that the levy of Read upon Carpenter and Dana’s interest disseized them, and that they were therefore incapacitated to convey by deed to Cushman, cannot avail the tenants. The effect of a levy as a disseizin of the party in possession depends upon the question of title. If the demandant’s levy, by reason of the assignment and proceedings on his part,, gave him a title which was superior to that acquired by the levy of Read, and was by relation back prior in point of time, then the levy of Read did not disseize Cushman or Carpenter and Dana, so as to prevent the- operation of the deed of the latter to the former, confirming the assignment. The general proposition stated in Gore v. Brazier, 3 Mass. 523, is essentially modified by the cases of Blood v. Wood, 1 Met. 538, and Howe v. Bishop, 3 Met. 26.
Upon the whole matter, the court are of opinion that the demandant has the better title in the demanded premises, and is entitled to a verdict for the whole.