## STEWART vs. CUNNINGHAM & RIPPETOE.

1. When a writ of *capias ad satisfaciendum,* after commanding the sheriff to take the body of the defendant in the judgment to satisfy the plaintiffs' debt and costs, contains the further direction: "And that you have the said moneys at our next Circuit Court, to render to the said plaintiffs for their damages and costs aforesaid," the latter direction is mere surplusage, and does not vitiate the writ.

2. When one of the two joint plaintiffs dies after the rendition of the judgment, and no entry of his death is made in court, an execution should be taken out in the name of both the plaintiffs, so that it may conform to the judgment.

3. An affidavit to hold to bail is sufficient to authorize the issue of a *ca. sa.* after judgment.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. GEORGE GOLDTHWAITE.

MOTION by the plaintiff in error to quash a writ of *capias ad satisfaciendum,* issued against him on a judgment rendered in favor of the defendant in error.

The record shows, that an affidavit was made, on the part of the defendants in error, to hold the plaintiff in error to bail

under the act of 1839, on the ground that he had fraudulently conveyed his estate; and that an order was made, by the proper officer, requiring him to be held to bail. A judgment was obtained against him, on which the defendants in error sued out a writ of *capias ad satisfaciendum*, directed to any sheriff of the State, commanding him to take the body of said Stewart to satisfy the said Cunningham & Rippetoe in the sum which they had recovered, &c. The writ then proceeds thus: " And that you have the said moneys at our next Circuit Court, to render to the said plaintiffs for their damages and costs aforesaid."

This writ was sued out without any other affidavit than the one previously made for holding Stewart to bail. It was proved to the court, on the hearing of the motion, that Cun-, ningham, one of the plaintiffs in the judgment, was dead before the *ca. sa.* was sued out.

The court overruled the motion to quash, and this is now assigned for error.

L. E. PARSONS, for plaintiff in error.

RICE & MORGAN, *contra.*

GOLDTHWAITE, J.—The plaintiff in error insists, that the execution should have been quashed on three grounds: 1. For irregularities apparent upon its face; 2. Because one of the plaintiffs in the judgment was dead at the time it was issued; 3. For the want of a sufficient affidavit.

The irregularity upon the face of the writ is, that, after commanding the sheriff to take the body of the defendant in the judgment to satisfy the damages and costs which the plaintiffs had recovered, it also requires the sheriff to have such damages and costs at the next term of the court, to render to the plaintiffs, &c.; and it is insisted that the last requisition, taken in connexion with the preceding part of the writ, operates as a command to the sheriff to have both the money and the body. If this was the legal effect of the writ, we should be compelled to hold it defective, as it would in law amount to a double satisfaction; but we do not think that the construction contended for can be supported. The writ commands the sheriff, in express terms, to take the body;

but it does not require him to levy the damages of the goods and chattels, &c. Suppose the writ, after reciting the judgment, had simply commanded the sheriff to have the money, &c.; it would have been a nullity, because the officer could not have been advised whether he was to make it by taking the body, or levying upon the goods. In such a case, it would have been void upon its face. In this respect, therefore, the direction to have the money was mere surplusage, not in any way affecting the other part of the execution, which was complete without it.

But it is insisted, that the execution was improperly sued out in the name of both the plaintiffs to the judgment, it being shown that one of them had died before the issue of the writ; that in such a case, the execution runs in the name of the survivor only, the death of the party being placed upon the record, by *scire facias*, or entry on the minutes.

No direct authority has been cited to sustain this position; and the books all show, that where the entry of the death is not made in the court, the proper course is, to take out the execution in the name of all the plaintiffs, so that it may conform to the judgment. 2 Saund. Rep. 72, and cases there cited; Hamilton v. Lyman, 9 Mass. 14; Bowdoin v. Jordan, ib. 160.

We are also of the opinion, that the affidavit to hold to bail was sufficient to authorize the issue of the *ca. sa.* The act of 1839 was certainly not intended to give the debtor the right to a full discharge, without complying with the requisitions; and if he failed to do this, he can claim nothing under it: as to him, the act is the same as if it had no existence. It has no application to the case where the debtor discharges himself on bail; and to hold otherwise, would be to abrogate the right to hold to bail, in some of the cases in which the right is expressly conferred by the statute, as the same cause which authorized the suing out of the bail process, may not exist after judgment; and in that case, the clear intention of the statute would be defeated. The debtor, when legally arrested, would have obtained his discharge in neither of the modes required by the act, and the creditor left without redress.

There is no error in the record, and the judgment is affirmed.

CHILTON, C. J., not sitting.