On the trial below, the jury found the following facts:
At a Court of Pleas and Quarter Sessions of Mecklenburg (566) county, held in April, 1861, the plaintiff recovered a judgment, in an action of debt, against J. C. Abernathy, R. F. Blythe and Wm. Means, for $291.15, of which $250 was principal money.
Executions thereon were regularly issued and returned from term to term, until the County Court held for said county, on the 4th Monday of October, 1866. The last County Court, held on the 4th Monday of October, 1866, execution issued from October Term, 1865, returnable to October Term, 1866. On the first day of November, 1866, at the request of the plaintiff, a transcript of the case was returned to the Superior Court, with all the executions issued from said County Court, and a notice was issued to, and served upon the defendant, J. C. Abernathy, in said execution, as follows:
"STATE OF NORTH CAROLINA,
To the Sheriff of Mecklenburg County:
You are hereby commanded to make known to J. C. Abernathy, R. F. Blythe and Wm. Means, that agreeably to an order of the (567) State Convention, I have transmitted to the Superior Court, a judgment obtained in the County Court, against them in favor of Thomas H. Brem.
Witness, Wm. Howell, Clerk of our said Court, at office, the 2d Monday in January, 1867. Issued 8th February, 1867."
This was returned to the Superior Court, endorsed "executed March 29th, 1867."
At Spring Term, 1867, of the Superior Court, the case is stated on the trial docket as No. 355; at Fall Term, as No. 299, and marked continued. At the Special Term of said Court in December, it is stated as No. 299, and the following entry appears: "Judgment of the County Court confirmed as of this Term." From this Term an execution from the Superior Court issued on the 29th day of January, 1868, tested the 2d Monday in December, 1867, stating that judgment was rendered December 9th, 1897, which was returned not collected. Another fi. fa., issued from said Court, the 11th June, 1868, tested as of the 9th Monday after the 4th Monday in February, 1868, returnable to Fall Term, 1868. In said last execution, only the name of J. C. Abernathy is inserted, the names of the other defendants, Blythe and Means, being *Page 459 
omitted. Another fi. fa., issued after the Fall Term, on the 12th day of January, 1869, against all the defendants, returnable to the next Superior Court. On this, the sheriff endorsed a levy on the lands, the subject of this controversy, as the property of the defendant, Means, said endorsement dated January 17th, 1869, and the same was returned to Spring Term, 1869.
On the 25th of June, 1869, a ven. ex., issued to sell the lands levied on, and the same was returned not collected. At Fall Term, 1869, another ven. ex., issued returnable to Spring Term, 1870. This was not collected, as was a similar one issued to the Fall Term. At this term another ven. ex. issued, under which the sheriff sold the land levied on, and the plaintiffs, Thomas H. Brem and John S. (568) Means, purchased it.
The jury also find that the sheriff executed a deed to the plaintiffs, in fee for the land. That Wm. Means conveyed the same to W. F. Davidson, on the 22d January, 1867, putting him in possession; and that Davidson conveyed said lands to Smith and McCormick, who placed the defendant, Jamieson in possession, who is now holding the same adversely to the plaintiffs.
The jury also find that the rents and profits of the land, from the date of the plaintiffs' deed to the time of the trial, is $125. But whether or not, upon the whole matter aforesaid, the defendant, Jamieson is guilty of unlawfully withholding the possession of the premises from the plaintiffs, the jurors are wholly ignorant, and therefore pray the advice of the Court. And if upon the whole matter aforesaid, it shall seem to the Court that the defendant, Jamieson is guilty of unlawfully withholding the possession of the said premises from the plaintiffs, then the jury so find him, and assess the plaintiffs' damages at $125. But if upon the whole matter, it shall seem to the Court that the said Jamieson is not guilty of unlawful withholding the possession of said premises, then the jury find him not guilty.
The Court being of opinion with the defendant, gave judgment that he go without day, and that he recover his costs against the plaintiff.
From this judgment, the plaintiffs appealed.
It was incumbent on the plaintiffs to maintain that the lien on the lands of William Means, acquired by the judgment, in 1861, had been preserved by regular and successive executions, until the sale *Page 460 
of the land in 1871. This he has failed to do. There are two links wanting in the plaintiff's chain of title, the absence of which (569) renders it worthless:
1st. The gap in the executions from Spring Term, 1867, until the Special Term in December, of the same year:
2d. The name of William Means was omitted from the execution which issued from Spring Term, 1868, returnable to Fall Term, 1868.
The ordinance of the Convention of June 23, 1866, provided for the transfer of all actions of debts, convenant, assumpsit and account, from the County Courts to the Spring Terms, 1867, of the Superior Courts, and declared that "at the Spring Terms aforesaid, the Court shall, on motion, order the said judgments to be entered on the minute dockets, provided the same were not dormant when transmitted from the County Courts; and on such entries being made, the said judgments shall be taken and held to be judgments of the Superior Courts, and writs of fieri facias and venditioniexponas may issue, as provided in section ten of this ordinance, following the writs transmitted from the county courts, and preserving the liens, as if issued by the same Court. Section 10 provides that no writs of fi. fa. or ven. ex. on judgments in debt, c., shall issue from Spring Term, 1867, without permission of the Court.
The learned counsel for the plaintiffs attempted to bridge over the first chasm, by showing that in obedience to the ordinance, the plaintiffs had caused a transcript of the case to be returned to the Spring Term, 1867, of the Superior Court for Mecklenburg county, with all the fi. fas. that had been issued on the judgment since 1871, and that they had pursued the regular course prescribed by law from 1861 to Spring Term, 1867; and he says, that inasmuch as the docket was crowded at Spring Term, 1867, by the transfer of business from the county to the Superior Court, he could not get the ear of the Court to move that his judgment be entered on the minute docket, and that he have execution thereon, as prescribed by the ordinance; and he insists, that as he made the motion as soon as he could get the ear of the Court, he ought not to be prejudiced by the delay.
(570) It is true that the act of the law shall prejudice no one. But it does not appear that the plaintiffs endeavored to get the ear of the Court. Such motions were generally allowed as a matter of course, and the plaintiffs should have alleged and shown that they endeavored to take action at Spring Term, 1867, in order to place them under the maxim, vigilantibus non dormaentibus jura subveniunt.
Although they appear to have been vigilant from 1861 to 1867, yet *Page 461 
we need not cite authority to show that the gap in the executions from Spring Term, 1867, until the Special Term in December, of the same year, destroyed the lien theretofore existing.
If, however, we were to yield to the forcible argument of the plaintiff's counsel, and pass by this objection, we would be immediately confronted by the insuperable defect in the execution which issued from Spring Term, 1868, returnable to Fall Term, 1868.
There were three defendants in the judgment, to-wit: J. C. Abernathy, R. F. Blythe and William Means, and all the executions had gone against them all, until Spring Term, 1868 when the execution was issued against Abernathy alone, omitting the name of Blythe and also the name of Means, the owner of the land in controversy. This defect was also sufficient to destroy the lien on the land of Means, and to break the chain by which the plaintiffs claim title.
The Judgment of the Superior Court is affirmed.
PER CURIAM. Judgment affirmed.
Wade v. Pellitier, 71 N.C. 76.