MARY C. MERRIFIELD, Appellee, *vs.* THE WESTERN COTTAGE PIANO AND ORGAN COMPANY.*et al.*—(T. W. BURROWS, Appellant.)

*Opinion filed February 19, 1909.*

1. DEFAULT—*when default must be set aside as to all defendants or none.* An order setting aside a default in an action of assumpsit brought against several defendants jointly must apply to all the defendants, and it is error to enter an order setting aside the default as to one defendant only, where no personal defense is interposed.

2. EXECUTIONS—*an execution must conform to and follow the judgment.* Where a judgment by default has been entered in an action of assumpsit brought against several defendants jointly, it is error to issue an execution against two of the defendants, even though the court has granted a stay order and set aside the default as to the other defendant.

3. APPEALS AND ERRORS—*appeal is pending from time bond is filed.* In contemplation of law an appeal is pending in the appellate tribunal the moment the appeal bond is executed and filed as provided in the order for the appeal, and the question whether the order appealed from is final or interlocutory is for the appellate tribunal to determine.

4. SAME—*an appeal stays power of court to enforce judgment.* Where an appeal from an order vacating an order staying execution and setting aside a default is perfected the control of the trial court ceases, and it is without power, pending the appeal, to amend an execution theretofore issued, by adding the name of the defendant as to whom the default was set aside by the vacated stay order.

APPEAL, from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

At the June term, 1907, of the circuit court of LaSalle county, appellee, Mary C. Merrifield, obtained a judgment by default in an action of assumpsit against the Western Cottage Piano and Organ Company, L. W. Merrifield and T. W. Burrows for $20,084.49. June 29, eight days after the judgment was entered, the defendant T. W. Burrows entered a motion to set aside the default and open up the judgment and for leave to plead. After hearing the motion the court "orders that execution herein be and the same is hereby restrained, and grants leave to said defendant to plead, and orders that the judgment entered herein stand as security for the debt." Burrows filed a plea of general issue with notice of special matters to be relied on, and an affidavit that he had a good defense upon the merits as set forth in the notice as to special matters. At the October term, 1907, counsel for Burrows gave notice that on the next day leave would be asked to file an additional plea for him, and counsel for said company gave notice that at the same time leave would be asked to file a plea for the defendant company, but the record fails to show that any such motion was made on behalf of said company. The next day defendant Burrows moved for leave to withdraw the notice under the general issue and for leave to file special pleas. This motion having been granted, defendant Burrows filed three special pleas and appellee filed a replication. February 8, 1908, an execution was issued on this judgment against the company and L. W. Merrifield only, and delivered to the sheriff of LaSalle county. February 11, 1908, at the January term, the attorneys for said company moved to recall and quash the execution, and at the same time counsel for appellee made a cross-motion to "set aside

the order entered herein on June 29, 1907, setting aside the default as to the defendant T. W. Burrows, opening up the judgment and granting leave to said defendant to plead." February 18 the court sustained the motion made by appellee to vacate the order setting aside the default as to T. W. Burrows and overruled the motion to recall the execution. Thereupon defendants, and each of them, prayed an appeal from the ruling of the court to the Appellate Court for the Second District, which said appeal was granted on their filing their appeal bond in thirty days in the sum of $200, to be approved by the clerk. The record shows that February 21, 1908, the defendants filed their bond in the circuit court in said last mentioned appeal and the bond was approved by the clerk. Thereafter, on February 25, 1908, appellee moved the court to amend the execution so as to make it conform to the judgment by inserting the name of Thomas W. Burrows. This motion was allowed by the court and an order entered accordingly. Burrows excepted to the ruling of the court and prayed an appeal to the Appellate Court for the Second District from this order amending the execution, which was allowed on his filing a bond in thirty days in the sum of $200. This bond was filed March 6, 1908, and approved by the circuit clerk. The record is not entirely clear as to the steps thereafter taken. Apparently, on March 17, 1908, a writ of error was sued out of the Appellate Court in this cause bringing up the entire transcript, including both of the orders appealed from, and afterwards one or both of the appeals were, on motion, consolidated with the writ of error. The Appellate Court in its opinion states there were two writs of error and that said court had filed an earlier opinion covering the entire case as consolidated, and that after the first opinion was filed defendant Burrows practically abandoned the consolidation by petitioning for a rehearing on that branch of the case which decided the motion of February 18, setting aside the default formerly entered and overruling the mo-

tion to recall the execution, and at the same time appealing from that part of the decision of the Appellate Court which affirmed the decision of the lower court entered February 25, allowing the amendment to the execution. The Appellate Court granted a certificate of importance as to only one of the two causes theretofore consolidated, so that by this appeal now before us the only question for decision is the legality of the order of February 25, 1908, allowing the amendment of the execution by adding the name of defendant T. W. Burrows. The appeal was allowed only as to T. W. Burrows.

JARVIS R. BURROWS, EDDY, HALEY & WETTEN, and BUTTERS & ARMSTRONG, for appellant:

An execution that is at variance, in a material respect, with the judgment is void. So, also, is an execution void which is issued upon a judgment subsequent to an order staying execution upon the judgment. 17 Cyc. par. 9, p. 1147; 8 Ency. of Pl. & Pr. 436; *Hobson* v. *McCambridge,* 130 Ill. 367; *Kinkade* v. *Gibson,* 209 id. 247; *Oakes* v. *Williams,* 107 id. 154; *McCormick* v. *Wheeler,* 36 id. 114; *Clark* v. *Miller,* 18 Barb. 269; 2 Tidd's Pr. 1120; Herman on Executions, secs. 63-65, 56, 403; Freeman on Executions, secs. 42, 46, 73.

At the time the execution was issued in this case there was an order of court in full force and effect staying the issuance of execution. An execution issued within the period of the stay is void. 17 Cyc. par. 9, p. 1147.

A writ of execution must conform to the judgment. 8 Ency. of Pl. & Pr. 418; *Douglas* v. *Whiting,* 28 Ill. 362; *Higgins* v. *Driggs,* 21 Fla. 103; *Commonwealth* v. *Fisher,* 2 J. J. Marsh. 137; *Farnham* v. *Hildreth,* 32 Barb. 227; *Tancy* v. *Woodmansee,* 23 W. Va. 709.

An appeal allowed by the trial court is *eo instanti* in the appellate tribunal upon the filing of a bond as conditioned

below. *Reynolds* v. *Perry,* 11 Ill. 534; *Owens* v. *McKethe,* 5 Gilm. 79; *Simpson* v. *Alexander,* id. 260.

The proper practice, on motion of a defendant to set aside a default and judgment and for leave to plead, is to stay proceedings on the judgment and allow the defendant to plead, and allow the judgment to stand as security for the plaintiff until the trial of the issue presented by the pleas. *Oakes* v. *Williams,* 107 Ill. 154; *Hall* v. *Bank,* 133 id. 234.

An order denying leave to plead is a final order and therefore is appealable, and the legal effect of the order entered in this cause was to deny the appellant the right to plead. Starr & Cur. Stat. chap. 110, par. 68; *Railroad Co.* v. *Chicago,* 148 Ill. 141.

McDOUGALL & CHAPMAN, for appellee:

The court may, in its discretion, before final judgment, set aside any default, and may during the term set aside any judgment on good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable. Rev. Stat. chap. 110, sec. 39.

Where a judgment by default is rendered against two or more defendants, it is error to set aside the default as to one and grant leave to that one to plead unless the default is set aside as to all of the defendants. *Gould* v. *Sternburg,* 69 Ill. 531.

A default will not be set aside, although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence. *Mendell* v. *Kimball,* 85 Ill. 582.

When a person is served with summons and takes no step to defend until after judgment is rendered against him by default, a motion by him to set aside the default will be denied. *Edwards* v. *McKay,* 73 Ill. 570.

An affidavit to set aside a judgment by default, although it may show a meritorious defense, is insufficient unless it

shows a good reason why the plea was not filed in time. *Schultz* v. *Meiselbar,* 144 Ill. 26.

The omission of the name of one of the defendants from the execution does not render the writ void so long as such writ can be clearly identified with the judgment. 17 Cyc. 1016.

An execution may be amended. *Bybee* v. *Ashby,* 2 Gilm. 151; *Dunham* v. *Heaton,* 28 Ill. 264; *Lewis* v. *Lindley,* id. 147; *McCormick* v. *Wheeler,* 36 id. 114; *White* v. *Jones,* 38 id. 159; *Bissell* v. *Kip,* 5 Johns. 39.

Where an execution is stayed as to one defendant it may be enforced against the other. *Sheetz* v. *Winkoop,* 74 Pa. St. 198.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant contends that the stay order entered by the trial court June 29, 1907, applied to all the defendants in that court, while appellee contends that it clearly applied only to defendant T. W. Burrows, and the Appellate Court so held. If the order be construed as setting aside the default only as to defendant Burrows, then it was erroneous, as the default should have been set aside as to all the defendants or none. (*Gould* v. *Sternburg,* 69 Ill. 531, and cases cited; *Fuller* v. *Robb,* 26 id. 246.) It is conceded that the execution as issued on February 8, 1908, against two of the defendants below and not against the third defendant, Burrows, was erroneous, as the execution must conform to and follow the judgment. *Hobson* v. *McCambridge,* 130 Ill. 367; *Kinkade* v. *Gibson,* 209 id. 246; 1 Freeman on Executions,—3d ed.—sec. 42; Herman on Executions, sec. 56; 8 Ency. of Pl. & Pr. p. 418.

The appellant contends that the appeal to the Appellate Court of all the defendants in the court below from the order of February 18, 1908, which vacated the order setting aside the default as to T. W. Burrows and overruled the motion to recall the execution, was perfected by the fil-

ing of their bond and its approval by the clerk, in accordance with the order. An appeal allowed by the trial court is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the court, as provided in the order of the appeal. *Reynolds* v. *Perry,* 11 Ill. 534; *Owens* v. *McKethe,* 5 Gilm. 79; *Simpson* v. *Alexander,* 5 id. 260.

Appellant contends that said order of February 18 was a final and appealable one, while appellee contends that it was interlocutory and not appealable. However that may be, the appeal was allowed as prayed, and after the filing and approval of the appeal bond that question was transferred to the Appellate Court for its decision.

Appellant contends, as has been stated, that the stay order applied to all of the defendants in the court below and that therefore the appeal affected all of these defendants, while appellee insists that the order of February 18, 1908, and the appeal therefrom, only affected defendant Burrows, and did not in any manner affect or apply to the other defendants in the court below. Whatever the construction, so long as the question is fairly open to dispute the only proper course for the trial court was to refrain from acting until the appeal had been finally disposed of. As has been repeatedly held, when an action is brought on a joint contract the rule is that the judgment must be rendered against all the defendants or none, (*Kingsland* v. *Koeppe,* 137 Ill. 334,) unless a defense is interposed by one or more of the defendants personally, of such character as infancy, bankruptcy or the like, and then the defense must be alleged and proved. (*Byers* v. *First Nat. Bank of Vincennes,* 85 Ill. 423.) The execution on its face must appear to be against all defendants, notwithstanding that from death, bankruptcy or some other cause no levy can be made on the property of some. 1 Freeman on Executions, (3d ed.) sec. 42; *Farmers' and Mechanics' Nat. Bank* v. *Crane,* 15

Abb. Pr. (N. S.) 434; *Stewart* v. *Cunningham,* 22 Ala. 626; 2 Tidd's Pr. *1120.

The issuing of the execution February 8, 1908, pending the stay theretofore granted by the court, if the stay applied to all the defendants below, was irregular and the execution might be quashed on motion. (1 Freeman on Executions,— 3d ed.—sec. 33.) This irregularity in issuing would not render the execution void, but voidable. (*Oakes* v. *Williams,* 107 Ill. 154; *Shirk* v. *Gravel Road Co.* 110 id. 661.) When an appeal is perfected the jurisdiction and control of the court below ceases and the appeal becomes a stay of all proceedings to enforce the execution of the judgment or decree. (*Smith* v. *Chytraus,* 152 Ill. 664; *Cowan* v. *Curran,* 216 id. 598; *Bowar* v. *Chicago West Division Railway Co.* 136 id. 101; *Barnes & Co.* v. *Typographical Union,* 232 id. 402.) The trial court should not have permitted the amendment of the execution pending the appeal from the order of February 18, 1908, in the Appellate Court.

Our attention is called by appellee to the case of *Sheetz* v. *Wynkoop,* 74 Pa. St. 198, where it was held that under a special act in that State the court could stay the execution as to one of the defendants and allow it to remain against the other joint defendants. But the reasoning in that decision plainly shows that this conclusion was only reached because of the special statute in question. The same may be said as to *Brem* v. *Jamieson,* 70 N. C. 566. We have no such statute in this State that controls in this case. Manifestly, the court was without authority to enter the order of February 25, 1908, amending the execution.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court for further proceedings in harmony with the views herein expressed.                *Reversed and remanded.*