LAYMAN *v.* GRAYBILL.

The proceedings of Courts are to be considered *in fieri*, until the close of the term at which they are entered.

Thus where there was no answer as to a part of the claim in suit, and an interlocutory judgment was taken as to that part, and afterwards, upon the return of a verdict, the defendant moved to set aside the interlocutory judgment, and substitute the amount found by the jury as the amount for which judgment should be rendered, supporting his motion by the affidavit of the jurors that they considered the facts of the case and agreed upon their verdict as if the whole amount of the plaintiff's claim was before them; that they did not intend that the sum included in their verdict should be added to the amount of the interlocutory judgment: *Held*, that the Court might, upon this affidavit, rectify the irregularity, and sustain the motion.

*Wednesday,
May 30.*

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, sued *Graybill* upon a promissory note for the payment of 1,165 dollars. The note bears date *January* 2, 1856, was payable to *W. H. Layman & Co.*, and was by them assigned to the plaintiff.

Defendant, in his answer, sets up these facts: On the 8th of *June*, 1856, he became a partner of *Layman & Co.*, the payees of the note, in the business of selling groceries. The partnership agreement was in writing. Pursuant to that agreement, they, the defendant and said *Layman & Co.*, established a grocery store at *Ladoga*, in *Montgomery* county, which was continued up to *January* 2, 1857, when *W. H. Layman*, one of the partners, proposed selling out to the defendant the interest of *Layman & Co.* in the establishment. At the time this proposal was made, he represented to defendant that *Layman & Co.* had furnished and put into said grocery store, moneys and goods to the amount of 1,965 dollars, in proof of which he then referred defendant to the ledger belonging to the establishment, and especially to an account which appears as an entry on page 2 of that ledger. Defendant, relying on said representations, agreed to purchase the interest of *Layman & Co.* in the grocery store, upon the following terms, viz.: He was to pay them for all the moneys and goods which

they had put into the establishment; also 200 dollars as their share of the profits. And thereupon the defendant and *W. H. Layman* struck a balance sheet, as between the partners in said store, upon the basis of the entry on page 2 of said ledger, and the above terms of sale. And upon such balance sheet being struck, it showed a balance in favor of *Layman & Co.* of 1,165 dollars, for which the defendant, relying upon said representations, as corroborated by the entry in the ledger, executed the note in suit. It is averred that defendant, after the execution of the note, discovered that the above representations of *W. H. Layman*, and also the entry and account in the ledger, on the second page thereof, were false and fraudulent in this, that said entry and account shows an item designated capital stock, amounting to 760 dollars, 65 cents, which purports to be, and is, entered as so much capital stock furnished said grocery establishment by *Layman & Co.*, when, in point of fact, they never did furnish the same, or any part thereof, either in cash or merchandize; and hence said item of 760 dollars, 65 cents, ought not to have been counted in the balance struck between the parties, under the contract of sale above recited; but the same was so counted, and having been fraudulently included in said note, ought, therefore, to be deducted from it. As to the balance of the note, viz., 454 dollars, 75 cents, there was no answer.

Plaintiff replied by a general traverse. Before entering upon the trial, the plaintiff, as to the balance of said note not controverted by the answer, moved for an interlocutory judgment, which motion the Court sustained. The cause was then submitted to a jury, who found for the plaintiff 487 dollars, 80 cents.

The record says that defendant, upon the return of the verdict, moved to set aside the order for the interlocutory judgment, and substitute the amount found by the jury as the amount for which judgment in the suit be rendered. And in support of his motion, he produced an affidavit subscribed and sworn to by the jurors who returned the verdict, in which they deposed, substantially, that they considered the facts in the case and agreed on their ver-

dict, as if the whole amount of plaintiff's claim, 1,165 dollars, was before them; that they intended to deduct from the whole note 700 dollars, and give the plaintiff a verdict for the residue, 487 dollars, 80 cents; but they did not intend that the sum included in their verdict should be in addition to the amount of the interlocutory judgment.

The Court, having heard the motion, sustained it, upon the ground that the interlocutory judgment was merged in the verdict of the jury.

The plaintiff thereupon moved for a new trial; but his motion was overruled, and judgment was rendered on the verdict.

The first alleged error relates to the action of the Court in setting aside the interlocutory judgment. As a general rule, the proceedings of Courts are to be considered *in fieri*, until the close of the term at which they were entered. 9 Ind. R. 490. Hence, it may be assumed that the Court—proper application having been made during such term—may set aside or modify any of its proceedings, in order to promote the due administration of justice. And, in this instance, the ruling must be sustained, unless it is found that the application to set aside was unsupported by sufficient cause. It was plainly irregular for the jury to find a verdict upon the whole case made by the complaint, because the amount of the interlocutory judgment was not in issue by the pleadings. The item of 760 dollars, alone, was before them for consideration, and the correction of such irregularity, being within the power of the Court, the only legitimate mode of effecting that purpose seems to have been adopted. The interlocutory judgment having been set aside, the final recovery against the defendant stood as it would have stood had the jury deducted the judgment from the amount of their verdict. That they did not do so is evident from the fact that the several amounts of the judgment and verdict; when added together, amount, in the aggregate, to more than the note in suit and interest. But further, the jurors themselves all testify that they did not intend that the sum included in their verdict should be in addition to the amount of the

interlocutory judgment. The testimony of the jurors thus given on the application to set aside the judgment, was legitimate; because it tended to sustain the verdict. 2 Blackf. 114.—6 *id.* 453. Indeed, the evidence produced on the application was conclusive, and, in our judgment, fully authorized the ruling of the Court.

But the appellant assigns another error, viz., that the verdict was not sustained by the evidence. We think otherwise. The evidence given on the trial is, it is true, to some extent conflicting; but the weight of it fully sustains the finding.

We are of opinion that the record before us contains no error available in this Court; and that the judgment of the Court below is in accordance with the substantial rights of the parties.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. E. McDonald* and *S. C. Willson*, for the appellant.

*L. Wallace*, for the appellee.