## PENNINGTON V. McNALLY.

1. Under General Statutes, section 499, providing that, where the judg-
ment rendered in the county court shall have been for the payment
of money, the party desiring an appeal to the district court " shall,
within a reasonable time, to be fixed by the court, give good and
sufficient bond " in double the amount of such judgment, to be
duly approved, where the time fixed by the court expires before
the bond is filed the court may, at any time within the same term,
extend the time for filing the bond.
2. Where the record is silent as to whether the appellee had notice of
the application to the county court for an order extending the time
within which to file the appeal bond, it will not be presumed that
no notice was given of such application.

*Error to District Court of La Plata County.*

JOHN McNALLY, plaintiff below, commenced his action
in the county court.   A jury trial was had, and verdict
against John L. Pennington, plaintiff in error, and judg-
ment was given thereon as follows: " Wherefore, by vir-
tue of the law, and by reason of the premise aforesaid, it
is ordered and adjudged by the court that said plaintiff
have and recover from said defendant the property de-
scribed in said verdict, if a return can be had; and in de-
fault thereof the value of said property, as found by the
said jury, to wit, the sum of $400, together with his dam-
ages for the wrongful detention of said property, as found
by said jury, in the sum of $200, and costs of said suit,
to be taxed at $127.40, and ten days allowed defendants

to appeal. And thereafter the following was entered of record in the above cause, to wit: And now, on this 29th day of November, A. D. 1882, the said defendant, J. L. Pennington, comes into court, and shows that he was prohibited and defeated in furnishing an appeal bond in the above case within the ten days, and asks until 2 o'clock P. M. to-day to file said bond, which time is granted by the court; and, coming in at 2 o'clock P. M., and filing said appeal bond, which bond is approved and filed by the judge of this court; and thereupon it is ordered by the court that said appeal prayed for be granted, and the proceedings and papers therein be certified to the district court of said La Plata county, upon the payment of the costs of said appeal by said defendant, J. L. Pennington." A transcript was duly filed in the district court, whereupon defendant in error moved for dismissal of the appeal, for the reason that the ten days allowed had expired before the filing of the bond for appeal, and that the court was then without jurisdiction in the case, so that the said order extending the time for filing the bond for appeal was of no effect. The district court sustained the motion, and gave judgment of dismissal, to reverse which this writ of error is prosecuted.

Messrs. J. L. RUSSELL, T. A. GREEN, and PATTERSON and THOMAS, for plaintiff in error.

Messrs. MARKHAM and DILLON, for defendant in error.

STALLCUP, C. The statute under which the appeal in question was taken provides that appeals may be taken from all final judgments of the county court to the district court; that, in cases where the judgment appealed from shall have been rendered for the payment of money, the party desiring such appeal shall, within a reasonable time, to be fixed by the court, give a good and sufficient

bond in double the amount of such judgment, to be approved by the judge or clerk of said court; and that the proceedings in the district court upon such appeal in all respects shall be *de novo*. Secs. 499, 500, Gen. St. From the record here, it seems that some order for an appeal had been applied for at the time the judgment was given. It is argued here for defendant in error that the time within which to file the bond for appeal had been fixed, by the order then made, at ten days, and that therein the court had exhausted its power touching the appeal. We do not think that the power of the court in this regard was thereby exhausted or terminated. It appears that both the orders made by the county court touching the appeal were made during the term. By the statute, the county court was vested with the power to fix a reasonable time in which to file the bond for appeal to the district court. That power could be exercised at any time during the term. *McFarland v. McFarland*, 4 Bradw. 157; *Borden v. Houston*, 2 Tex. 594. By the statute, the plaintiff in error was entitled to an appeal to the district court by filing his bond therefor within the time fixed by the county court. Generally the proceedings of courts are to be considered *in fieri*, until the close of the term at which they were rendered. Hence the court may change or modify its proceedings in order to promote the due administration of justice, upon proper application therefor during the term. *Layman v. Graybill*, 14 Ind. 166; *Ex parte Casey*, 18 Fed. Rep. 86; *Owen v. Going*, 7 Colo. 85. It is argued here that, as the record is silent as to whether the defendant in error had notice of the application made to the county court for an order fixing longer time within which to file the bond for appeal, we should conclude that no notice had been given for such application; but the decisions of this court are to the contrary. *Martin v. Force*, 3 Colo. 199; *Gomer v. Chaffe*, 5 Colo. 383; *Hughes v. Cummings*, 7 Colo. 138. The appeal appears to have been duly taken from the

county court, and the district court erred in dismissing the same. The judgment should be reversed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*