Bissell, P. J.,
delivered the opinion of the court.
This suit was brought to recover commissions earned in *517 the sale of certain property belonging to the appellants, DeGuile and Cheovenda. Some question is made concerning the sufficiency of the evidence to support the judgment, but this will be dismissed with the suggestion that since the finding of the jury in the court below was against the appellants, that verdict will be taken as conclusive upon all questions of fact, and these matters will neither be considered nor weighed. We now come to the main contention on jvhich a reversal is urged. The case started in the county court, and culminated in June, 1892, in a judgment for the defendants. The plaintiff prayed an appeal to the district court, but took no further steps until after making the motion which will now be referred to. The original judgment failed to dispose of an attachment issue, and the plaintiff moved to vacate the judgment rendered on the 6th of June. When this came on to be heard, the court granted it, set aside the previous entry aud rendered a judgment on the 30th of June, from which the plaintiff perfected an appeal to the district court, where the case was subsequently tried, and Alexander had judgment-for what he claimed for his services.
On these facts the appellants insist that the judgment ought to be reversed. It is maintained with considerable force and earnestness that since the judgment of the 6th of June was a final entry from which an appeal might be taken, and the plaintiff prayed an appeal, the court was powerless thereafter to vacate that entry, enter a new judgment, and permit -the plaintiff to take an appeal to the district court. Of course, it is .a matter of some importance to the appellants, because if they could successful^ insist that the antecedent judgment should stand, the plaintiff would be barred any recovery. We cannot accept their conclusions in this particular. It is entirely settled in all jurisdictions that courts have absolute power over their judgments during the term at which they were rendered, unless that jurisdiction has been in some wise defeated or lost by appellate or other proceedings. Owen v. Going et al., 7 Colo. 85; Penn *518 ington v. McNally, 11 Colo. 557; Webber et al. v. Brieger, 1 Colo. App. 92.
It is argued that the only purpose of vacating the original judgment was to save to the plaintiff the light of appeal, and permit him to retry the case in the district court. We are not able to accept this suggestion. There is nothing in the record which compels us to reach the conclusion that the court attempted to enlarge the rights of the plaintiff or to prejudice the interests of the defendants by these proceedings. His action was entirely in accord with his power; it was justified by the fact that the original judgment had failed to dispose of the attachment issue, and unless it were manifest that the court had acted improperly, we should not indulge in such an inference. The case got into the district court regularly, was there tried and the plaintiff had judgment for what he claimed. There is nothing in the proceedings which compels us to disturb the judgment in respect of this matter, and we conclude that the district court had jurisdiction to hear and try the case.
The argument presents several questions concerning the admission of testimony to which counsel seem to attach considerable importance. They are not matters, however, of such gravity as to compel us to go through the record and state the entire case to express the reasons which influence us to hold that the trial court committed no substantial error in these particulars. It is enough to say that while possibly some of the rulings may properly be made the subject of an argument, we are unable to discover any such error in the rulings as would furnish a sufficient warrant for us to reverse the case. The case seems to have been fairly tried. Both parties were heard on the main issue, and the exclusion of the objectionable testimony could not possibly lead to a different result. Under these circumstances we cannot disturb the judgment.
There is no error apparent in the record, and the judgment will therefore be affirmed.

Affirmed.