FLEENER ET AL. *v.* JOHNSON ET AL.

[No. 5,786.   Filed March 28, 1906.   Rehearing denied June 19, 1906.]

1. BOARDS OF COMMISSIONERS.—*Courts.*—*Nunc pro tunc Entries.*—*Notice.*—The board of commissioners has the power to make a *nunc pro tunc* entry in a proceeding pending before it without giving notice to the parties thereto.   p. 336.

2. AMENDMENTS.—*To Objections Before Board.*—*Towns.*—*Elections.*—It is not an abuse of discretion of the trial court to refuse an amendment to objections, filed before the board of commissioners, so as to show that the ballots, used in an election to determine whether a certain territory should be incorporated as a town, were prepared by the county board of election commissioners, such question not being raised before the board because objectors were ignorant thereof.   p. 337.

3. EVIDENCE. — *Certificates of Election Officers.* — *Towns.* — The certificates of the election officers, in an election to determine whether certain territory should be incorporated as a town, are *prima facie* evidence of the number of votes cast for and against such incorporation, but subject to overthrow by objectors' production of the ballots.   p. 337.

4. SAME. — *Exclusion.* — *Question, How Saved.* — *Appeal and Error.*—To present any question, on appeal, on the exclusion of evidence, it is necessary for the record to show that a competent witness was sworn; that a proper question was asked; that an objection was made, followed by a statement of facts which the witness would state in response to the question; the court's ruling and the exception.   p. 338.

5. TRIAL.—*Special Findings.*—*Agreed Facts.*—*Evidence.*—*Exclusion.*—*Appeal and Error.*—Where the special findings show that the facts therein set out have been agreed upon by the parties, exclusion of evidence bearing thereon is harmless.   p. 339.

6. ELECTIONS. — *Towns.*—*Incorporation.*—*Objections.*—*Evidence.*—Where no objection is made before the board of commission-

ers as to the legality of an election and no issue raised thereon on appeal to the circuit court, it is not error to exclude evidence thereof in such circuit court.  p. 339.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Petition by John W. Johnson and others against which Aaron M. Fleener and others remonstrate.  From a judgment for petitioners, remonstrants appeal.  *Affirmed.*

*W. S. Shirley* and *W. A. Johnson,* for appellants.
*George W. Grubbs,* for appellees.

ROBY, C. J.—Appellees, at the February term, 1904, of the Board of Commissioners of the County of Morgan, filed their petition for the incorporation of the town of Morgantown.  Proof of survey, map, census and exhibition thereof as provided for in the statute relative to the incorporation of towns (§§4314-4322 Burns 1901, §§3293-3301 R. S. 1881) was made, "and the board having examined said petition and finding the same sufficient orders that an election be held on February 20, 1904."  At the March term, on March 7, appellants appeared and moved to set aside the election theretofore held, and objected to the making of an order of incorporation, upon the stated ground that at the time of holding such election no order had been entered of record by said board ordering the same; that no record had been made showing the filing of said petition; that the requisite notice of said election was not given "as shown by the papers now on file," and that the petition was not sufficient to give the board jurisdiction.  On March 8 the petitioners filed a motion asking that a *nunc pro tunc* entry be made showing the action actually taken by said board, as the same was shown by memoranda made by the board at the time.  The motion was sustained and an extended and detailed entry made of such proceedings, appellant objecting thereto.  Proof of an election held in conformity with said order having been made, a majority in favor of the incorporation of said town being shown, it

was adjudged that the same be incorporated as prayed. From this judgment appellants appealed to the circuit court, where they appeared specially and moved to strike out all that portion of the record entered *nunc pro tunc,* for the reason that said entry was made without any notice. The motion was overruled, and the venue of the case was changed to Johnson county, where the appellants asked leave to amend the objections first made by them before the board of commissioners, by adding thereto an allegation that the election held as aforesaid was illegal and void, in that the ballots used were not furnished by the board of election commissioners of Morgan county, of which fact they aver they had no notice when such original objections were filed. The court denied the amendment. The cause was heard, a special finding of facts made, conclusions of law stated and judgment for the petitioners rendered thereon. The finding states that "the following facts have been agreed to by the parties in this cause and that they shall be considered as a part of the record in the case." Following it is a detailed statement of facts conforming to the requirements of the statute. Appellants filed their motion for a new trial, the third ground thereof being based upon the admission as evidence of the return made by the officials holding the election; the fourth ground, upon the action of the court in refusing to allow the election commissioners to testify that they did not prepare or cause to be prepared the ballots used at said election, and the fifth and sixth grounds, that the decision was not sustained by sufficient evidence and was contrary to law. This motion was also overruled and such action is assigned as error.

The motion to strike out made in the circuit court is based upon lack of notice. The entry to which it relates was made while the proceeding before the board was *in fieri,* and amounted to no more than an exercise of the inherent power to make the record conform to the action actually taken, in which case no notice is neces-

Fleener v. Johnson—38 Ind. App. 334.

sary. *Fite* v. *Doe* (1820), 1 Blackf. 127 ; *M'Manus* v. *Rich-ardson* (1846), 8 Blackf. 100 ; *Burnside* v. *Ennis* (1873), 43 Ind. 411; *Richardson* v. *Howk* (1874), 45 Ind. 451; *Ral-ston* v. *Lothain* (1862), 18 Ind. 303; *Layman* v. *Graybill* (1860), 14 Ind. 166 ; *Schoonover* v. *Reed* (1879), 65 Ind. 313. The original objection was based not upon lack of action by the court but upon lack of record thereof so that the defect, if any did at the time exist, was a mere mis-prision of the clerk. *Security Co.* v. *Arbuckle* (1890), 123 Ind. 518, 521. Notice not being required there was no error in overruling a motion to strike out because of lack of notice. Treating the merits of the original objection as presented, the authorities above cited negative the conten-tion that the court had no power to make its record conform to the order made. The power of the board of commission-ers to make *nunc pro tunc* entries is established. *Tombaugh* v. *Grogg* (1896), 146 Ind. 99.

The court did not abuse its discretion in refusing to permit amendment of the objections first made by appel-lants. Assuming that the amendments might have 2. properly been allowed, no fact is made to appear from which an abuse of discretion can be inferred.

In support of the assignment that the court erred in overruling their motion for a new trial, appellants discuss the applicability to a proceeding of this kind of the 3. law governing general elections. It is shown by a bill of exceptions that the petitioners introduced in evidence a sworn report of the officers holding the election, from which it appears that an election was held; that 138 votes were cast, of which 78 contained the word "yes" and 60 the word "no." This evidence was objected to upon the ground that it was secondary and that the ballots them-selves must be produced, which objection was overruled. It is further recited in said bill that said appellants, "at and upon the trial of said cause, to support their defense and issue in said cause, introduced J. E. Overton, a com-

petent witness, to prove by said witness the following."
The statement then made is in substance that he was clerk
of Morgan county at the time of the election referred to;
that the board of election commissioners consisted of two
persons named; that neither he nor said commissioners
prepared or caused to be prepared the ballots used at said
election; that they were ready and willing to prepare and
print the same had they been called upon to do so. To the
introduction of which testimony the petitioners objected on
the grounds: (1) That said testimony is incompetent and
immaterial under any issue in the case; (2) that there was
no answer or remonstrance setting up the invalidity of said
election. The objection was then sustained. It is further
recited that appellant then offered to prove by said election
officials the same facts as offered to be proved by the wit-
ness Overton, to which the petitioners objected upon the
same grounds, and the same ruling was made. The objec-
tion that the testimony received was incompetent, as being
secondary, is not well taken. It is the duty of election
officers to canvass the votes cast. Their certificate becomes,
therefore, competent evidence, and when introduced makes
a *prima facie* case. *State, ex rel.,* v. *Shay* (1885), 101
Ind. 36. Such *prima facie* case was subject to overthrow
by the production of the ballots. *Pedigo* v. *Grimes* (1888),
113 Ind. 148.

In order to present a question upon the exclusion of evi-
dence, the record must show the person whose evidence is
desired, to have been present and sworn as a wit-
ness. It should further show that a question was
propounded to him, an objection made thereto, fol-
lowed by a statement of facts as to what the witness would
state in response to the question, a ruling upon the objection
and an exception. *Smith* v. *Gorham* (1889), 119 Ind.
436, 439; Elliott, App. Proc., §743.

The record before us is, in the respects indicated, insuf-
ficient to present any question for decision. The recital in

the special finding of facts, that the facts therein stated "have been agreed to by the parties in this case," would in any event render a ruling upon the admission of evidence harmless. It would appear, from a parenthetical insertion in the bill of exceptions purporting to contain the evidence, that such agreement did not extend to all the facts found, but so far as the special findings are concerned they do not appear to have been limited.

There could be no error in excluding the evidence, since no question had been made before the board of commissioners as to the legality of the election or the accuracy of the result stated. The attempt to obviate this objection by amendment was, as before stated, not successful.

Judgment affirmed.