No. 9850.

KURTZ *v.* KURTZ.

Decided March 7, 1921.   Rehearing denied April 4, 1921.

Proceeding involving the validity of a decree for permanent alimony.  Judgment for plaintiff.

*Affirmed.*

1. JUDGMENT—*Power of Court Over.*  It is uniformly agreed that courts have absolute power over their judgments during the term at which rendered, unless such jurisdiction is lost by appellate or other procedure.

2. DIVORCE AND ALIMONY—*Final Decree.*  In an action for divorce where the pleadings present the question of permanent alimony for determination, a final conclusive decree cannot ·be entered without a determination of that question.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. R. A. CROSSMAN, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

SUIT was by Mary Kurtz against her husband, G. Kurtz, for divorce.  Verdict was in her favor.  The court awarded her an interlocutory decree and custody of the minor children.  When the formal divorce decree was entered the court failed to embody therein either a provision for permanent alimony, or a formal reservation of that question.  Thereafter, of its own motion, the court entered a *nunc pro tunc* order, specifically reserving the matter of the adjustment of property rights between the parties, and later allowed permanent alimony.  Defendant alleges error, and brings the cause here for review solely upon the question of the validity of the decree for permanent alimony.

It is urged as there was no reservation in the decree of divorce originally entered of the question of permanent alimony, that the court could not thereafter legally amend or add to it.

The interlocutory decree was entered on June 2, 1919; on February 2, 1920, plaintiff filed an application for appointment of a referee to take testimony and determine the respective property rights of the parties; on February 5, 1920, defendant filed a formal answer resisting such application, and was ordered to furnish the court with a schedule of his property; the original decree was entered February 9, 1920, and February 21, 1920, defendant filed his schedule of property as directed; March 18, 1920, the court heard and determined the question of permanent alimony, and entered a separate decree therefor. At that hearing both sides appeared, offered testimony, made argument and participated therein generally.

The record shows conclusively, first: that the question of permanent alimony was at issue in the pleadings, and by special application for appointment of a referee to take testimony and make findings; second: that an investigation was being made of defendant's property with a view of determining the question of permanent alimony, the defendant having submitted a schedule of his property; and third: that the trial judge in his opinion states that the question of permanent alimony was reserved for future consideration was well known to and understood by all parties in interest.

It is to be observed that the *nunc pro tunc* order was made at the same term at which the formal decree of divorce was entered. The court never at any time lost jurisdiction over the question of property rights, or of any question involved in the suit, and had full power, although the divorce decree itself had been actually entered, as the term had not passed, to amend the decree to show that the question of permanent alimony had in fact been reserved. Even though there had been no such amended reservation to the original decree, the question not having been dis-

posed of, the court still would have jurisdiction to pass upon it. It is uniformly agreed that courts have absolute power over their judgments during the term at which rendered, unless such jurisdiction is lost by appellate or other procedure. *DeGuile v. Alexander,* 4 Colo. App. 516, 36 Pac. 620.

Upon the state of the pleadings and record shown, an absolutely final and conclusive decree could not have properly been entered without a disposition of the question of permanent alimony. The matters thus at issue between the parties were not settled by the divorce decree as originally entered. It is held in *Johnson v. Johnson,* 20 Colo. 143, 36 Pac. 898; in substance that a decree which does not end, determine the issues, settle the controversy between the parties, from which an issue raised by the pleadings has been excluded because not determined, which leaves an issue still at large, is not final. This is applicable to the facts of this case.

However, it is not necessary to rest the decision upon the question of the finality of the decree, as the right of a trial judge to amend his judgments and decrees during the term at which entered is undoubted. The rule, as stated in 15 R. C. L. at page 677, is as follows:

"It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered, and now as then the general power of a court of record over its own judgments, orders and decrees during the existence of the term at which they are first made is undeniable. * * * The reason for this was that during the whole term in which any judicial act is done, the record remains in the breast of the judges of the court, and therefore the roll is alterable during the term as they shall direct."

The contention that section 12, of Chapter 74, Session Laws 1915, inhibited the trial judge from entering the *nunc pro tunc* order in question, is wholly without merit. That section merely provides that the party against whom a

divorce is granted cannot have such decree reviewed unless there be filed written notice with the clerk of the court within five days of its award, that he or she will apply within sixty days for a writ of error. The section has not the remotest bearing upon the power and right of the judge to amend his decrees during the term, to show the truth.

It being shown that the right to determine the question of permanent alimony was, as matter of fact, actually reserved by the court, although not noted in the original decree, and it also appearing that trial courts may amend their judgments and decrees during the term as advised, and it still further clearly appearing that the allowance of permanent alimony is fully warranted by the law and facts, the judgment should be affirmed, and it is so ordered.

MR. CHIEF JUSTICE SCOTT not participating.