HANCOCK COUNTY, plaintiff in error, *v.* BENJAMIN F. MARSH, defendant in error.

*Error to Hancock.*

The appellants in an appeal, and the plaintiffs in a writ of error, may always dismiss their suit before a decision on the merits; and the effect of such dismissal is to leave the parties where they were before the appeal was taken, or the writ of error brought.

THE proceedings in this cause were had at the April term, 1839, of the Court below, before the Hon. James H. Ralston.

A. WILLIAMS and S. H. LITTLE, for the plaintiff in error, cited § 3 of an act authorizing the sale of § 16, approved Jan. 22, 1829 ; Acts of 1835, 27 ; Gale's Stat. 638, § 2 ; Acts of 1837, 317 ; Gale's Stat. 643, § 10.

CYRUS WALKER, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

From the record filed in this cause, it appears that Marsh was removed from the office of school commissioner of Hancock county, by the County Commissioners' Court of said county, for certain alleged neglect of duty. That said Marsh thereupon prayed an appeal to the Circuit Court ; which was allowed, upon his entering into bond with security to one Sylvester Thompson, for the use of Hancock county, which was accordingly done. It then appears, after a transcript of these proceedings of the County Commissioners' Court was filed in the Circuit Court of Hancock county, that Marsh appeared in that Court, and moved the Court to " dismiss " the proceedings, for the following reasons :

" First, The proceedings were irregular and without authority of law ; and, Secondly, The County Court had no jurisdiction, for the reason that no good cause appears in the record to authorize them to proceed in the matter."

The record then states, " This day came Benjamin F. Marsh, by his attorney, and again argued the motion heretofore entered, to dismiss the suit herein ; and the Court having had the motion under consideration, ordered, that the motion be sustained, and the suit dismissed."

It is now assigned for error by Hancock county, the plaintiff in error, that the Court below sustained the motion of the defendant to dismiss the said suit, whereas, by the law of the land, it ought to have been overruled. Both parties in this case appear to have labored under a misapprehension, as to the effects resulting from the motion to dismiss.

It seems probable that Marsh's attorney, by submitting the motion to dismiss, expected that the dismission of the suit would operate as a reversal of the proceedings before the County Commissioners' Court ; and the plaintiff in error, by bringing this case into this Court, has doubtless acted upon the supposition that such was the effect of the dismissal. If these conjectures are correct, then both parties were mistaken, for no such consequences resulted from the action of the Circuit Court.

The appellant in an appeal, and the plaintiff in a writ of error, may always dismiss their suit before a decision on the merits, and the effect of such dismission is to leave the parties where they were before the appeal was taken, or the writ of error brought.

It was consequently correct for the Court below, on the motion of the appellant, to dismiss the appeal ; and such dismissal cannot, in this Court, be assigned for error.

The judgment below is therefore affirmed, with costs.
*Judgment affirmed.*