JOSEPH REYNOLDS, appellant, *vs.* JOSEPH PERRY, appellee.

*Appeal from Livingston.*

Where an appeal has been improvidently granted, the appellee, by filing a transcript of the record in this Court, may, after notice to the opposite party, on motion, have the appeal dismissed.

This was an action of replevin, commenced in the Circuit Court of Livingston county, which was submitted to a jury, who found a verdict for the plaintiff, on all the issues joined. Thereupon, the defendant below prayed an appeal to this Court; which was allowed. The plaintiff below and appellee here filed a copy of the transcript, and moved the Court for a dismissal of the appeal; which was allowed by the Court.

A. HOES, for appellee.

GLOVER & COOK, for appellant.

Opinion by TREAT, C. J.:

Perry brought an action of replevin against Reynolds, and recovered a judgment therein for costs. The Court granted Reynolds an appeal to this Court. The judgment was entered on the 13th of May last, and the appeal bond was filed on the 11th of June. The appellee, having given notice to the counsel for the appellant, now files a copy of the record, and enters a motion to dismiss the appeal, because an appeal will not lie in such a case. It is very clear that the order for the appeal was improvidently granted. Appeals are only allowed in cases " where the judgment or decree appealed from be final, and shall

amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold." R. S., ch. 83, sec. 47.   Thirty days not having intervened between the date of the order granting the appeal and the first day of the present term of this Court, the appellant is not required to file the record before the third day of the next term.   R. S., ch. 83, sec. 48; Vance *vs.* Schuyler, 4 Scammon, 286.   It is therefore insisted, that the appellee cannot interpose this motion until the record is filed by the appellant.   We are inclined to hold that the motion is properly made. It is true, that the appellee could not enter a motion to dismiss the appeal for the want of prosecution, until the time had elapsed for the appellant to file the record.   But, we think, the appellee should be permitted, on filing a copy of the record, and giving reasonable notice to the appellant, to make a motion to dismiss an appeal, which was improvidently granted, and which improperly restrains him from collecting his judgment.   No injustice will result to the appellant.   If he has obtained an appeal in a case which the law does not authorize, he cannot complain of its dismissal.   If he has merits in his case, he can enjoin the collection of the judgment, by suing out a writ of error, and obtaining a supersedeas.   It is not the filing of the record by the appellant which gives this Court jurisdiction of an appeal.   The case is, in contemplation of law, pending in this Court the moment the appeal bond is executed and filed with the clerk of the Circuit Court.   Owens *vs.* McKethe, 5 Gilman, 79 ; Simpson *vs.* Alexander, ibid, 260.

The appeal will be dismissed, with costs.

*Appeal dismissed.*