## CHARLES H. BRIGGS *et al.*

#### *v.*

## MICHAEL J. DUNNE.

*Announced at Ottawa October 9, 1896.*

APPEALS AND ERRORS—*power of trial court over order approving an appeal bond.* The rule that a trial court has power over its orders and judgments during the term at which they were entered applies to an order approving an appeal bond, and the court may subsequently, during the term, set aside such order on a proper showing.

PHILLIPS, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

W. R. HUNTER, for appellants:

As soon as the appeal to this court was perfected the court below had no jurisdiction in said cause. From the time the appeal bond was approved by the court said cause was then pending in this court. *Owens* v. *McKethe,* 5 Gilm. 79; *Simpson* v. *Alexander,* 5 id. 260.

In *Reynolds* v. *Perry*, 11 Ill. 534, this court said: "It is not the filing of the record by appellant which gives this court jurisdiction of an appeal. The case is, in contemplation of law, pending in this court the moment the appeal bond is executed and filed with the clerk of the circuit court." Upon this point the following cases might be consulted: *Gallimore* v. *Dazey*, 12 Ill. 143; *Haynes* v. *Hayes*, 68 id. 203; *People* v. *Prendergast*, 117 id. 588.

F. M. BURWASH, (F. H. TRUDE, of counsel,) for appellee.

Mr. JUSTICE CRAIG announced orally the opinion of the court: .

This was a bill in chancery in which a decree was entered by the circuit court against the appellants. Upon the entering of the decree they prayed an appeal. The court granted the prayer and allowed the appeal upon the appellants filing a bond within thirty days and a bill of exceptions within sixty days. It appears from the record that within the time prescribed by the court the appeal bond was filed and approved by the court. Subsequently, however, and during the same term of court, the appellee entered a motion to vacate the order approving the appeal bond, for the reason that the sureties on the bond were insolvent and the representations in regard to them were false and the bond was worthless. The appellants and appellee appeared before the court, who heard the application that was made, and upon that hearing the court entered an order vacating the order of approval. At the same time the court made an order that the appellants should file a good and sufficient bond within five days. This order was never complied with. The record brought here contains the appeal bond first approved and the judgment vacating the approval, the appellants insisting that the appeal is perfected; that when the order approving the bond was entered by the

court the case was no longer in that court, and the circuit court thereafter had no power or jurisdiction to make any order in the case. On the other hand, it is insisted by the appellee that there is no appeal, for the reason that the court vacated the order approving the appeal bond; that there is no bond in the record, and hence no appeal.

The court is inclined to the opinion that as the motion to vacate the order approving the appeal bond was entered at the same term of court at which the order of approval was made, the court was clothed with power to entertain the motion and vacate the order. It is a familiar rule, and one well understood, that a circuit court may, upon a proper showing, during the term at which a judgment or decree is rendered, modify or set aside such judgment or decree. In other words, during the term of court the court has free power and control over its orders and judgments, and they may be modified or set aside upon a proper showing, as justice may require. If the court has the power to vacate a judgment or decree during the term, it is plain that the order vacating the judgment approving the bond was one within the jurisdiction of the court, and after that order was entered appellants' appeal was at an end, unless a new bond should be filed within the time limited by the court. As that was not done the appeal is not properly here, and the motion to dismiss the appeal will be allowed.

*Appeal dismissed.*

Mr. JUSTICE PHILLIPS: I do not concur. Upon the approval of the appeal bond the trial court lost jurisdiction of the case, and any attack upon the sufficiency of the sureties on the bond could thereafter only be addressed to the court to which the appeal had been perfected.