# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## First District—October Term, 1896.

### Samuel J. Howe v. Grant Forman.

1. APPEALS—*When They May Be Dismissed.*—A motion to dismiss an appeal improperly taken, may be allowed before the term to which the appeal would take the case.

2. APPEAL BONDS—*Can Not Be Amended by Filing Bond of Another Party.*—Section 69 of the practice act, providing for the amendment of informal and insufficient appeal bonds, applies only "to the party taking such appeal," and does not authorize the filing of a bond by a party to the suit, who did not join in the appeal.

**Motion**, to dismiss an appeal. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY. Judge, presiding. Heard in this court at the October term, 1896. Appeal dismissed. Opinion filed December 28, 1896.

SAMUEL J. HOWE, *pro se.*

JOHN C. WILSON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 6, 1896, the Circuit Court, upon motion of the appellee, appointed a receiver of the property and effects of the appellant and one George C. Mastin, and in the same record entry rendered judgment against them for $307.46 in favor of the appellee.

The appellant and Mastin prayed an appeal, which was " allowed upon their filing their bond," etc.

(398)

November 5, 1896, the appellant alone filed an appeal bond, reciting an appeal by him, "impleaded with George C. Mastin," from the judgment only, and on the same day filed the transcript of the record here.

By operation of law, that appeal is to the next term of this court.

In Reynolds v. Perry, 11 Ill. 534, the Supreme Court held that a motion to dismiss an appeal "improvidently granted," might be granted before the term to which the appeal would take the case.

That the case is not properly here upon a bond by the appellant only, is conceded.  Hileman v. Beale, 115 Ill. 355, is in point; but the appellant asks leave to file a bond here, in accordance with the order granting the appeal—relying upon section 69 of the practice act.  Tedrick v. Wells, 152 Ill. 214, decides that where an appeal is granted to a nominal plaintiff, suing for the benefit of others, a bond given by the persons for whose benefit the suit was prosecuted, would not bring up his appeal, so that he might be in court upon a bond to be given by him, under the section cited.

The defect here is the same in principle.

Mastin has taken "no appeal, and made no attempt to do so," as was said by Judge Baker there of Tedrick.  The appeal is not from the order appointing the receiver; had it been, the question would have been different.  John F. Alles Plumbing Co. v. Alles, 67 Ill. App. 252.

The motion of the appellee to dismiss the appeal is granted, and the appeal dismissed.

[NOTE.—Since this case was decided, the Supreme Court decided Hammond v. People, 164 Ill. 455, on which this court acted in Kelley v. Leith, April 15, 1897.]