[S. F. No. 1274. Department Two.—April 28, 1900.]

## HARVEY G. HANNAH, Respondent, v. LOUIS WAHLBERG et al., Appellants.

VENDOR AND PURCHASER—CONTRACT TO CONVEY LAND FOR SERVICES— NONASSIGNABILITY—AGENCY FOR PURCHASER — CONTRACT OF PURCHASER TO PROCURE CONVEYANCE AND CONVEY—SPECIFIC PERFORMANCE. Under a contract to plow land, plant it with fruit trees, and cultivate it four years and pay one-half the taxes thereon, for a conveyance of one-half of the land, which contract was not assignable by the purchaser without the consent of the owner,

where the purchaser arranged with a third person to carry out the contract for him, and agreed at the end of the four years to procure the conveyance, and then to convey the land to such third person, and such third person was recognized by the owner as the agent of the purchaser, and permitted to carry out the contract for him, he may, after completing the contract, maintain an action of specific performance against the owner and purchaser, to compel a conveyance by the owner to the purchaser, and by the purchaser to himself; and it is no defense to such action that the owner did not recognize the plaintiff as an assignee of the purchaser.

Id.—Jurisdiction of Equity—Parties—Full Adjudication of Rights—Specific Performance of Two Contracts.—All the parties interested having been made parties to the bill, it was competent for a court of equity to adjudicate all their rights and to do justice between them; and this was properly done by a judgment enforcing a specific performance both of the original contract for a conveyance from the owner to the purchaser, and of the purchaser's contract to procure the conveyance from the owner and to convey to plaintiff.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. H. Campbell, for Appellants.

John B. Kerwin, for Respondent.

McFARLAND, J.—This is an appeal by defendants from a judgment in favor of plaintiff decreeing the specific performance of a contract for the conveyance of certain land, and from an order denying a motion for a new trial.

There are questions discussed in the briefs which do not arise on the record. There are only four specifications of error, and these are merely to the points that the evidence "fails to show" certain named facts; no reference is made to any finding, and the specifications are, perhaps, too vague to present here any question for adjudication. But, waiving that objection, the first three specifications are that "the evidence fails to show": 1. "Care and culture of the orchard in question for four years"; 2. That it fails to show that "the whole of said orchard was or is in proper condition," or that the defendant Springer approved the same; and 3. That it fails to show that defendant

Wahlberg maintained the trees in good condition for four years; but the court found otherwise as to these three points, and the evidence clearly supports the findings.

The fourth and last specification is as follows: "That the evidence fails to show that the defendant Mary Springer ever consented to or ratified any assignment of the said contract made by her with plaintiff, or in any way accepted or recognized plaintiff as such assignee." (There is clearly a mistake here, for appellants evidently intended to say that Springer did not consent to or ratify any assignment to plaintiff of the contract made by her with the defendant Wahlberg.) If we assume that under this specification appellant can present the contention that respondent cannot maintain this action because the contract was between Springer and Wahlberg and was on its face nonassignable, still we think that the contention cannot be maintained. The facts were briefly these: The defendant Springer, being the owner of a tract of land containing seventeen acres, made a written contract with the defendant Wahlberg, by which the latter promised to plow the land and plant it with a certain kind of fruit trees, and to cultivate and take care of it for four years, and to pay one-half of the taxes and assessments of every kind on the land during that time, and Springer promised that at the end of the four years she would, if Wahlberg complied with his promises, convey to him one-half of the land. The contract provided that it should not be assigned without the written consent of Springer. During the first of the four years Wahlberg entered into a written contract with the plaintiff Hannah by which Hannah agreed to carry out Wahlberg's contract with Springer. Wahlberg agreed that he would either pay Hannah a certain sum of money monthly, or would at the end of the four years procure a conveyance from Springer of the half of the land and convey the same to Hannah. Soon afterward Wahlberg left the country; he has never paid Hannah anything and is insolvent. Hannah completed the contract with Springer, and the latter, without any objection or complaint, allowed him to take possession of the land and do the work, and demanded of and received from him one-half of the taxes, etc., although she refused to recognize him as taking the place of

Wahlberg, and treated him as the latter's agent. After the work had been done, Hannah, as Wahlberg's agent and under a power of attorney from him, demanded of Springer that she make a deed of conveyance to Wahlberg, which she refused to do. Thereupon Hannah brought this action, setting up all these facts in his complaint, and making both Wahlberg and Springer defendants. Wahlberg seems to have joined Springer in defending the action. The court below decreed that Springer make a conveyance of the land to Wahlberg, and that the latter convey to plaintiff Hannah.

The judgment is evidently just and equitable; it ought, therefore, to be maintained, unless there are legal and technical difficulties in the way which are insurmountable. Otherwise, Springer will have procured the creation of her whole orchard for nothing, and plaintiff will have totally lost several years of labor and the moneys which he has expended in maintaining the orchard. And we see no controlling objection to the validity of the decree. It is true that plaintiff was not a party to the original contract; but under his contract with Wahlberg it was the duty of the latter to procure a conveyance from Springer and convey to plaintiff, and it was the duty of Springer to convey to Wahlberg. All the persons interested having been made parties to the bill, it was competent for a court of equity to adjudicate all their rights and to do justice between them; and this was properly done by the judgment which the court rendered.

There are no other contentions of appellants necessary to be discussed, although it may be proper to say that, under the evidence, the four years clearly commenced to run from the date of the written contract.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.