# CASES

## IN THE

# APPELLATE COURTS-OF ILLINOIS.

### First District—March Term, 1900.

## Joseph W. Swafford et al. v. Isaac Rosebloom.

1. Appellate Court Practice — *Time for Filing Records.*—The provisions of the statute requiring authenticated copies of records of judgments, orders and decrees appealed from, to be filed in the office of the clerk of the court to which the appeal is taken on or before the second day of the succeeding term of such court, provided twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have entered and the sitting of the court to which the appeal is taken, etc., is imperative and mandatory.

2. Appeals—*The Right Exists Solely by Virtue of the Statute.*—The right of appeal exists solely by virtue of the statute, and to be availed of, there must be a strict compliance with the statute.

3. Same—*Construction of the Statute.*—The statute requiring the record to be filed on or before the second day of the succeeding term of the court to which the appeal is taken clearly contemplates that by the second day of such term the appeal shall be perfected by the filing of an appeal bond.

4. Same—*When Considered as Pending, etc.*—An appeal is to be considered as pending in the court to which it is taken the moment the appeal bond is filed with the clerk of the court from which such appeal is taken.

Motion to Set Aside an Order Dismissing an Appeal.—Appeal from the Circuit Court of Cook County. Heard in the Appellate Court at the March term, 1900. Motion overruled, Opinion filed November 5, 1900.

(106)

James A. Peterson and R. Wilson Moore, attorneys for appellants.

O'Donnell & Brady, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

This is a motion by appellants to set aside an order entered October 25, 1900, at the present term of the court, dismissing the appeal for failure to file a transcript of the record within the first two days of the term. July 20, 1900, at the July term of the Circuit Court, judgment was rendered by that court in favor of appellee and against appellants, from which judgment appellants, at same date, prayed and were allowed an appeal, on filing bond in the penal sum of $4,000, to be approved by the clerk, and bill of exceptions within sixty days. By an order entered September 15th, the time was extended thirty days, making sixty days in all, from July 20, 1900, or until October 18, 1900. October 17, 1900, appellants filed their appeal bond, without surety, and the same was marked satisfactory by appellee's attorneys, and was approved by the clerk.

The July term of the Circuit Court ended Saturday, August 11th, or, including Sunday, August 12th. The present October term of this court commenced October 2d, so that at least twenty days had elapsed between the end of the July term of the Circuit Court and the first day of the next succeeding term of this court. The statute provides as follows:

"Authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court, or of the Appellate Court, as the case may be, on or before the second day of the succeeding term of said courts; *provided*, twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered, and the sitting of the court to which the appeal shall be taken," etc. Rev. Stat., Chap. 110, Sec. 72.

This provision of the statute is imperative and manda-

tory. The right of appeal exists solely by virtue of the statute, and to be availed of, there must be strict compliance with the statute. Hesing v. Attorney-General, 104 Ill. 292, 295.

The statute, in requiring the record to be filed on or before the second day of the succeeding term of the court to which the appeal is taken, clearly contemplates that by the second day of such term the appeal shall be perfected by the filing of an appeal bond. It is urged that the trial court may exercise discretion in fixing or extending the time to file an appeal bond. This is true, but such discretion must be and generally is exercised with reference to the statute. In the present case the discretion was improvidently exercised. It is the uniform practice to dismiss appeals, when the appellants fail to file any transcript of the record within the first two days of the term. It is urged, however, that the court had no jurisdiction of the appeal when the order dismissing it was made.

The appeal was pending in this court the moment the appeal bond was filed with the clerk of the Circuit Court. It is not the filing of a transcript of the record, but the filing of the appeal bond, which gives this court jurisdiction. Reynolds v. Perry, 11 Ill. 534.

The bond was filed, as before stated, October 17, 1900, so that October 25, 1900, when the appeal was dismissed, the court had jurisdiction.

In Reynolds v. Perry, *supra*, the appeal was in a case in which, by the statute, no appeal lay, and it was to a term of the Supreme Court, next after the June term of that court. Nevertheless, the court, on the appellee filing a short record and moving to dismiss the appeal at the June term, dismissed it at that term. This court followed Reynolds v. Perry in Howe v. Forman, 68 Ill. App. 398. In the present case the appeal is to this term and could not, under the statute, be to a subsequent term.

Counsel for appellants further contend that the appeal is a nullity, the bond not having been executed by any surety, citing Henderson v. Benson, 141 Mass. 218, and, therefore, that we had no jurisdiction to dismiss it.

Such is not the law of this State.   In Reynolds v. Perry, *supra*, the statute allowed no appeal whatever, so that, in legal contemplation, the attempted appeal was a nullity, yet the court dismissed the appeal.   While the present appeal may not have been effectual for any valuable purpose, it was properly on the docket, and the court had ample power to dismiss it.   The motion to set aside the order dismissing the appeal will be overruled.