DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1910.

---

### Sadie Finkelstein, Appellee, v. Samuel Lyon, Appellant.

### Gen. No. 17,151.

1. JURISDICTION—*to vacate order approving appeal bond.* Where a motion to vacate an order approving the appeal bond is made at the judgment term and continued, the jurisdiction to pass upon such motion is retained.

2. APPEALS AND ERRORS—*what essential to review.* A final appealable order must be shown of record before a review of the proceedings of the lower court can be had.

Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1909. Motion denied. Opinion filed November 14, 1910.

**Statement by the Court.** July 15, 1910, the motion of the defendant in the Superior Court for a new trial was denied and a judgment entered against him for $15,000, from which he prayed and was allowed an appeal to this court on filing an appeal bond. July 16 defendant filed his appeal bond, which was approved. July 28, at the judgment term, defendant entered his motions to vacate the order approving the appeal bond, to vacate the judgment, to vacate the order denying his motion for a new trial, and for a new trial. The motions were continued from term to term until Septem-

(13)

ber 24, when said motions were granted, the order approving the appeal bond vacated, the judgment set aside and a new trial ordered. The plaintiff in the judgment filed in this court a transcript of the record and moved that the appeal be dismissed with damages. The court of its own motion struck the transcript from the files and this is a motion to vacate that order and dismiss the appeal with damages.

BROWN & NAVIGATO, for appellant.

McGILVRAY, EAMES & MACLEAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of the plaintiff in the judgment is, that after the appeal was perfected by the filing and approval of the appeal bond, the Superior Court had no jurisdiction to vacate the order approving the appeal bond or to vacate the judgment, or to grant a new trial; that all orders made in the cause after the approval of the appeal bond must be held void and the judgment of July 15 held to be a final judgment.

In this contention we are unable to concur. Conceding that so long as the order approving the appeal bond remained in force, the Superior Court was without jurisdiction to vacate the judgment and grant a new trial, the question remains whether, where a motion to vacate the order approving the appeal bond was made at the judgment term and continued, that court had authority to vacate the order approving the bond. That it had such jurisdiction was held in Briggs v. Dunne, 163 Ill. 36. In the opinion in that case it was said: "If the court has the power to vacate a judgment or decree during the term, it is plain that the order vacating the judgment approving the bond was one within the jurisdiction of the court, and after that order was entered appellant's appeal was at an end." But it is not necessary in this case to decide that the decision of the Superior Court that it had authority to

vacate the order approving the appeal bond was correct. It is enough that it had jurisdiction to decide that question.

Whether its conclusion that it had such jurisdiction is erroneous is a question not brought before us for review on the transcript now before us, for the reason that the record shows no final judgment from which an appeal or writ of error will lie. Domitski v. Amer. Linseed Co., 221 Ill. 161; Walker v. Oliver, 63 Ill. 199; Roseland Manfg. Co. v. Arcan, 55 Ill. App. 336.

The motion to vacate the order, striking the transcript from the files and to dismiss the appeal with damages, will be denied.

*Motion denied.*