# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

SADIE FINKELSTEIN, Appellant, *vs.* SAMUEL LYONS,
Appellee.

*Opinion filed April 19, 1911.*

1. COURTS—*a court has full control over its orders during the term.* A court has full power and control over its judgments and orders during the term at which they were entered, and they may be modified or vacated, upon proper showing, as justice requires.

2. SAME—*extent to which approval of an appeal bond deprives trial court of jurisdiction.* The approval and filing of an appeal bond deprives the trial court of power to enter any further orders affecting the rights of the parties while the order approving the bond remains in force.

3. SAME—*court may, at same term, set aside an order approving appeal bond, vacate judgment and grant a new trial.* During the term at which an order approving an appeal bond is entered the trial court has power to set aside such order, and if the judgment appealed from was rendered at that term may vacate the judgment and grant a new trial. (*Briggs* v. *Dunne,* 163 Ill. 36, followed.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

McGILVRAY, EAMES & MacLEAN, and WARREN PEASE, for appellant.

DAVID K. TONE, and BERNARD J. BROWN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant sued appellee in the superior court of Cook county for damages for criminal assault. A verdict was returned in her favor June 15, 1910, and on July 15, 1910, after overruling a motion by appellee for a new trial, the court rendered judgment on the verdict. Appellee prayed an appeal to the Appellate Court for the First District, which was granted upon condition that he file an appeal bond within thirty days in the sum of $17,500, bill of exceptions to be filed within sixty days. On July 16 appellee presented his appeal bond, which was approved by the court and filed. On July 28, which was during the term at which the judgment was rendered, appellee filed motions in the superior court to set aside the approval of the appeal bond, to set aside the order denying the motion for a new trial, and to set aside the judgment and to grant a new trial on the ground of newly discovered evidence. These motions were continued to the August term, during which term they were allowed, the order approving the appeal bond vacated and the judgment set aside and a new trial awarded. Appellant objected to the court considering or allowing these motions, and on the 20th day of October, 1910, she filed in the Appellate Court for the First District a transcript of the record of the superior court and moved to dismiss the appeal, with statutory damages, on the ground that the superior court had no jurisdiction to make any order in the case after the appeal bond was approved and filed. The Appellate Court struck the transcript from the files, and appellant thereupon entered her motion for a reconsideration by the Appellate Court of the order striking the transcript from the files and refusing to

dismiss the appeal, with damages. This motion was also denied by the Appellate Court and a judgment for costs entered against appellant. The Appellate Court granted a certificate of importance, and she has prosecuted this appeal from the order and judgment of the Appellate Court.

The question raised by this appeal is whether the superior court had jurisdiction and authority to entertain a motion to set aside the order approving the appeal bond and grant a new trial at the term at which the judgment was entered. While the orders setting aside the approval of the appeal bond and granting a new trial were not made at the term at which the judgment was entered, the motions were filed at that term and continued to a subsequent term. No question is raised as to the authority of the court to continue the motions and act upon them at a subsequent term if it had authority to entertain the motions at the term at which the judgment was entered. Appellant's only contention is, that when the appeal was perfected by the filing and approval of the bond, the case was thereafter beyond the jurisdiction of the superior court and was pending in the Appellate Court, and the superior court had no authority or jurisdiction to make any order whatever in the case.

Appellant relies upon decisions of this court in which it was said that after the approval of an appeal bond the case would be considered as pending in the court to which the appeal was taken, and under those conditions it would be beyond the power and jurisdiction of the trial court to enter any order in the case affecting the rights of the parties. This rule was announced in view of the fact that the appeal had been perfected and was still in force, and, of course, under such circumstances it would not be within the jurisdiction of the trial court to make any further order or take further steps in the case. The decisions of this court relied on by appellant are *Owens* v. *McKethe,* 5 Gilm. 79, *Reynolds* v. *Perry,* 11 Ill. 534, *Smith* v. *Chytraus,* 152

id. 664, *Cowan* v. *Curran,* 216 id. 598, and *Merrifield* v. *Cottage Piano and Organ Co.* 238 id. 526. An examination of those cases will show that the question here raised was not involved in any of them.

In *Briggs* v. *Dunne,* 163 Ill. 36, the precise question before us was involved and determined contrary to the contention of appellant. In that case a final decree was entered, an appeal prayed and allowed and an appeal bond filed and approved. Afterwards, and during the same term of the court, appellee entered a motion to vacate the order approving the appeal bond on the ground that the sureties were insolvent and the bond worthless. The appellants resisted the motion, but it was allowed and an order entered vacating the approval of the bond, and a further order was entered requiring a good and sufficient appeal bond to be filed within five days. This latter order was not complied with. All this appeared from the transcript of the record filed by appellants in the Supreme Court, and it was contended by the appellants there, as it is by the appellant here, that when the appeal bond was filed and approved the case was thereafter to be considered as pending in the Supreme Court, and the circuit court had no jurisdiction to make the order vacating the approval of the appeal bond and requiring another bond to be filed. *Owens* v. *McKethe, supra,* and *Reynolds* v. *Perry, supra,* were relied on by appellants there in support of their contention, but this court held that the circuit court had authority to entertain the motion to vacate the order approving the appeal bond at the term at which the decree was entered and the bond approved. The court said (p. 38) : "It is a familiar rule and one well understood, that a circuit court may, upon a proper showing, during the term at which a judgment or decree is rendered, modify or set aside such judgment or decree. In other words, during the term of court the court has free power and control over its orders and judgments, and they may be modified or set aside upon a proper showing, as

justice may require. If the court has the power to vacate a judgment or decree during the term, it is plain that the order vacating the judgment approving the bond was one within the jurisdiction of the court, and after that order was entered appellants' appeal was at an end unless a new bond should be filed within the time limited by the court. As that was not done the appeal is not properly here, and the motion to dismiss the appeal will be allowed."

The *Briggs case* is decisive of the one before us. Appellant admits that it is in point, but insists it is not in harmony with previous and subsequent decisions and should not control the decision of this case. We find no inconsistency between the *Briggs case* and the cases relied upon by appellant, nor do we see any ground for questioning the soundness of the rule announced in the *Briggs case*. It has always been held in this State that the orders and judgments of a court are under its control during the term at which they are entered and may be set aside during the term. If the court may set aside a judgment during the term at which it was rendered, we see no reason why it may not set aside an order approving an appeal bond also. It would, of course, be necessary to vacate the order approving the bond before the judgment could be set aside, for until that was done the case would, as said in the cases relied upon by appellant, be considered as removed from the jurisdiction of the trial court to the court to which the appeal was taken. Here the court proceeded properly by first vacating the order approving the appeal bond. That the court had authority to make the order that it did make is settled by the *Briggs case*. Whether it erred in the exercise of that authority and jurisdiction can only be determined after the case is disposed of and final judgment rendered in the superior court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*