[No. 1832, September 8, 1915.]

## ABEYTIA et al. v. SPIEGELBERG et al. (CATRON et al., Interveners.)

### SYLLABUS OF THE COURT.

1. A cost bond, on appeal, under the statutes of this state, is not essential to the jurisdiction of the Supreme Court, and a failure to file the same, as required by the statute, may be waived.

P. 616

Abeytia et al. v. Spiegelberg et al., 20 N. M. 614.

2.  Upon the allowance of an appeal to the Supreme Court by the district court, the case is, in contemplation of law, pending in the Supreme Court, and jurisdiction is transferred from the district court to the Supreme Court, and a motion to dismiss the appeal cannot properly be filed with the clerk of the district court.

P. 617

3.  Where an appellant fails to file a cost bond within 30 days, as required by the statute, appellee, if he desires to take advantage of the default, should file with the clerk of this court a transcript of so much of the record of the trial court as is necessary to show that a final judgment in the cause was rendered, that an appeal therefrom was allowed, and a certificate of the clerk of the district court that no cost bond has been filed, together with a motion, directed to this court, asking that the appeal be docketed and dismissed because of such default.

P. 617

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

Action by Aniceto Abeytia and others against Willie Spiegelberg and others, wherein T. B. Catron and others intervened. From a judgment for plaintiffs, defendants and interveners appeal. Appeal dismissed.

CATRON & CATRON of Santa Fé, for appellants.

N. B. LAUGHLIN and RENEHAN & WRIGHT, all of Santa Fé, for appellees.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 26th day of March, 1915, an order was entered in the district court of Santa Fé county, granting appellants an appeal from a judgment and decree in partition, theretofore entered in said court. Appellants failed to file a cost bond within 30 days, as directed by the statute, or a supersedeas bond within 60 days,

as authorized by the statute. On the 10th day of June, more than 70 days after the appeal had been allowed, no cost bond having been filed, appellees appeared in the district court and filed a paper, denominated a "motion," in which they set forth the date of the allowance of the appeal, the fact that no cost bond or supersedeas bond had been filed, and asked that the appeal in the district court, or in the proper court, should be "annulled, avoided, and held for naught." Later appellants applied to the district court for an order extending their time within which to "settle and sign the bill of exceptions." Appellees appeared and objected to the court enlarging the time, on the ground that no cost bond or supersedeas bond had been filed. The court entered an order extending the time for 60 days within which to have the bill of exceptions settled and signed. Thereafter appellants filed the cost bond. Upon the expiration of 130 days from the entry of the order allowing the appeal, appellees filed in this court a skeleton transcript of the record, showing the judgment from which the appeal was taken, the order allowing the appeal, the motion of appellees to annul, avoid, and hold for naught the appeal, and the subsequent steps taken by the parties in the district court, together with a motion to docket and affirm the cause. Upon the hearing of the motion appellants filed a motion to docket the appeal and dismiss the same.

[1] This court has held (Canavan v. Canavan, 18 N. M. 468, 138 Pac. 200) that the giving of a cost bond is not essential to the jurisdiction of the appellate court, under our statute, and that it is required only for the protection of the appellee, or defendant in error, and may be waived. Failure to file the cost bond, within the time required, must be taken advantage of before the default is cured; otherwise, a motion to dismiss, on this ground, will not prevail. Appellees here argue, however, that they attempted to take advantage of the default, and filed in the only court which could receive a paper for filing in the cause their objections to the default. Whether they did so depends upon which court had jurisdiction of the cause,

upon the allowance of the appeal. If it be conceded that the district court, by the allowance of the appeal, lost jurisdiction of the cause, except for certain specified purposes, such, for instance, as the settling and signing of the bill of exceptions, statutory provisions governing which exist, it must necessarily follow that the trial court could not entertain a motion to dismiss the appeal, and that the clerk of that court, by accepting and filing an unauthorized motion, could not make such motion a part of the record on appeal, for such motion would not be a paper "regularly filed in a cause with the clerk of the district court," under section 4491, Code 1915.

[2] Section 4471, Code 1915, provides for the allowance of appeals by the district courts. No condition precedent is attached, except an application to the court and the suing out and serving of a citation, where the appeal is not taken in open court. Upon the allowance of the appeal, the case is in contemplation of law pending in this court. In the case of Canavan v. Canavan, supra, we said:

> "Under our statute, however, the filing of the bond within the specified time is not necessary to our jurisdiction. It attaches upon the allowance of the appeal or the issuance of the writ of error."

This statement of the law is amply supported by the adjudicated cases. While under many of the cases the giving of an appeal bond is jurisdictional, and must precede the allowance of an appeal, the courts hold that where the requisite steps are taken, and the appeal is allowed the jurisdiction is transferred, or, as in some cases the filing of the bond follows the allowance of the appeal; but such bond is essential to the jurisdiction of the appellate court. In support of the Canavan Case, we cite Holland v. State, 15 Fla. 549; Dowell v. Bolt, 45 Or. 89, 75 Pac. 714, Reynolds v. Perry, 11 Ill. 534, and Swafford v. Rosebloom, 92 Ill. App. 106.

[3] Appellees argue, however, that this court does not have the power to hear and determine a cause until after

the return day, which is 130 days from the time of taking the appeal. It is true the court cannot acquire jurisdiction of the appellee before the return day, but it has jurisdiction of the cause and of the appellant upon the allowance of the appeal. All that is necessary to give it jurisdiction over the appellee before the return day is for him to voluntarily appear and submit himself to the jurisdiction of the court. It is also true that the court cannot hear said cause upon the merits until the transcript of record and assignment of errors have been filed, and the appellee has appeared or is in default; but the court, having jurisdiction of the cause and of the appellant, can entertain a motion by the appellee to docket and dismiss the appeal for failure of the appellant to file the cost bond within the time required by the statute. In order to invoke the jurisdiction of the court, appellee should present to the court a transcript of so much of the record of the trial court as is necessary to show that a final judgment was entered in the court below from which an appeal was taken, together with a certificate of the clerk of the district court that no cost bond has been filed, and move this court to docket the cause and dismiss the appeal. Such being the case, it follows that appellees are not entitled to the relief which they seek.

Appellants have moved the court to docket the cause and dismiss the appeal. This motion will be granted, at their cost. The effect of the dismissal upon the right of appellants to prosecute a writ of error, or sue out another appeal, need not be determined in this case. The appeal will be dismissed; and it is so ordered.

MECHEM and LEIB, District Judges, concur.

HANNA and PARKER, J.J., being disqualified, did not participate in this opinion.