[No. 8360.]

## STEPHENS V. WHEELER EL AL.

1. COURTS—*Control of Records.* Courts of record have entire control of their orders and judgments during the term of the entry thereof. A judgment of discontinuance improvidently entered may be vacated at any time during the same term. (353.)

2. ATTACHMENT—*Affidavit—Bond—Amendment.* An affidavit for an attachment, not subscribed, is a nullity. So an attachment bond without sureties. The entire proceeding thereon is void, and there is nothing to amend. (353, 354.)

3. APPEALS—*Approval of Bond.* Where, simultaneously with, or immediately after, the filing of an appeal bond, in an appeal from a justice, the county judge acting as cleark, issues a summons on appeal and a supersedeas, it will be presumed that he approved the bond, in his capacity of clerk. *Adams v. Decker,* 50 Colo. 237, distinguished. (355.)

4. APPEAL FROM JUSTICE—*Effect.* A perfected appeal from the judgment of a justice gives jurisdiction of the person of the appellant, and waives the entire want of process in the justice court. (356.)

*Error to Elbert County Court.* Hon. FRANK S. TURNER, Judge.

Messrs. HILLIARD & LILYARD, Mr. T. M. JONES, for plaintiff in error.

Mr. JOHN W. MULLAHEY, for defendants in error.

GARRIGUES, J., delivered the opinion of the court.

Plaintiff in error Stephens attempted to commence an action in the justice court against Wheeler and others, to recover judgment for $75.00, but no summons was issued or served. At the same time he endeavored to sue out a writ of attachment, but the affidavit therefor was unsigned and the undertaking he filed was without sureties. Defendants did not appear and February 7, 1914, a personal judgment was taken against them for the amount prayed. From this judgment an appeal was taken to the County Court, the bond being filed February 9,1914, upon which is the following endorsement: "Approved February 9, 1914. Frank S. Turner, County Judge." Thereafter plaintiff asked that a new appeal bond be furnished on the ground that the sureties were insufficient, which, being overruled, a motion was presented by plaintiff asking that the appeal be dismissed on the ground that the bond had not been approved within ten days from the time of the rendition of judgment in the justice court. Relative to this latter motion the facts appear to be: The bond was filed on the 9th day of February, but for some reason the endorsement of approval was not made at that time, and on April 6th the following order was entered: " * * * And further upon the court's own motion the court on this day approved the said appeal bond as of the 9th day of February, A. D. 1914, by the following language and signature, 'approved by me this 9th day of February, A. D. 1914,' Frank S. Turner, County Judge." At this time there was no clerk of the County Court, the judge acting as ex officio clerk. The motion to dismiss the appeal was granted; but afterwards the order of dismissal was vacated and the case reinstated. Defendants, appearing

specially for that purpose, then moved the court to dissolve the writ of attachment and to dismiss the action for reasons, among others, that no affidavit in attachment, and no under-taking had been filed in the justice court, that the justice acquired no jurisdiction over the persons of defendants and therefore the County Court was equally without juris-diction. These motions were sustained by the court.

Plaintiff in error presents for determination the fol-lowing propositions: First, the court having dismissed the appeal, and entered judgment against defendants, was with-out jurisdiction thereafter to reinstate the case; Second, the court erred in ordering a dissolution of the attachment instead of affording plaintiff an opportunity to file an addi-tional affidavit and bond; and, Third, in holding that because there was not a so called formal summons in the proceeding before the justice of the peace, the jutice acquired no juris-diction, and hence the County Court was likewise without jurisdict·on of the parties defendant.

1. The first question must be resolved against the contentions of plaintiff in error. Courts of record have entire control over their orders and judgments during the term at which the same are rendered, and they possess a discretionary power to vacate and set them aside at such term. *Owen v. Going,* 7 Colo. 85, 1 Pac. 229; *Pennington v. McNally,* 11 Colo. 559, 19 Pac. 503; *Bradford v. People,* 22 Colo. 161, 43 Pac. 1013; *Higgins v. People,* 2 Colo. App. 569, 31 Pac. 951; *De Guile v. Alexander,* 4 Colo. App. 516, 36 Pac. 620; *Briggs v. Dunne,* 163 Ill. 36, 46 N. E. 628; *Hulbert v. Tredway,* 159 Mo. 665, 60 Pac. 1035.

2. Did the County Court err in ordering a dissolution of the attachment without giving plaintiff an opportunity to file an additional affidavit and bond? In the first place plaintiff did not ask leave to amend the affidavit or under-taking; but aside from this, the purported affidavit being unsigned and the undertaking without sureties, both were

nullities and the entire proceedings in attachment void. There was nothing to amend. *Mentzer v. Ellison,* 7 Colo. App. 315-321.

3. Error is assigned on the ruling of the County Court in holding that because the justice of the peace acquired no jurisdiction over the persons of defendants, it had no jurisdiction to try the case. Under this assignment two questions are presented: (a) Was the appeal bond approved, and (b) if the appeal was perfected, did the County Court acquire jurisdiction over the persons of the defendants regardless of the want of service of summons in the justice court?

The statute provides: Appeal from judgments of justices of the peace to the County Court shall be granted in all cases * * * Provided, The party praying the appeal shall within 10 days from the rendition of the judgment from which he desires to take an appeal enter into a bond with security to be approved and conditioned as hereinafter provided. R. S. 1908, §3846. The appealing party may file his bond in the office of the clerk of the County Court of the proper county within the time aforesaid, which bond shall be approved by the clerk. R. S. 1908, §3849. The contention is made here that because the clerk of the County Court did not endorse upon the bond a formal approval within ten days after the rendition of the judgment in the justice court, that no appeal was perfected. The judgment was rendered in the justice court February 7, 1914. On February 9th, the appeal bond was duly executed in proper form, signed by two sureties, and filed in the office of the clerk of the County Court. On the same day summons on appeal and a writ of supersedeas were issued, both writs being signed, "Frank S. Turner, Judge and Acting Clerk." No formal endorsement approving the bond was made at this time, but the court and all counsel evidently acted upon the theory and with the understanding that the bond had been ap-

proved. On February 20th, plaintiff asked that a new bond
be required, thereby admitting that there already was a
bond, raising the question only of the sufficiency of the
sureties. It was not until April 9th, that the discovery was
made that no formal approval had been endorsed on the
bond, and the question was not raised until that time. It is
unnecessary to consider the order of the court made there-
after approving the bond as of the date February 9, 1914,
and the endorsement to that effect signed by the judge. The
question is, was there an approval? The statute does not
specify any particular manner or form in which such bonds
must be approved, specifying only that they must be ap-
proved by the clerk of the court. It is insistently urged that
because, after the discovery of the absence of any endorse-
ment of approval, the court entered an order of approval
and signed the endorsement as "Judge," that there was no
approval in accordance with the terms of the statute, and the
appeal should have been dismissed. To support this con-
tention counsel cite *Adams v. Decker,* 50 Colo. 237, in which
we held that the clerk of the court must approve such bonds.
A very different state of facts prevails here than existed in
that case. There, a duly appointed, qualified and acting
clerk was holding office, and he should have approved the
bond; here there was no clerk, but the judge was acting *ex
officio* in that capacity, and while he failed to endorse the
bond when it was filed, still, from the fact that he issued
the statutory writs signed by himself as "Judge and Acting
Clerk" simultaneously with or immediately after the bond
was filed, we must presume that he approved it in the same
capacity and we say in the Adams case: "A failure to in-
dorse its approval—if, in fact, it had been approved—would
not of course, prejudice the rights of the party filing the
bond." Under all facts and circumstances of the case we are
of the opinion that the appeal bond was approved by the
"Judge and Acting Clerk" and the assignment on this
ground will be overruled.

As to the question of whether the filing of an appeal bond conferred jurisdiction on the County Court over the persons of the defendants, notwithstanding the fact that they appeared specially for the purpose of the motion only, to dismiss the case, there is no room for argument. This matter has been conclusively settled by a long line of decisions in this state. The taking of an appeal from the judgment of a justice of the peace gives jurisdiction over the person and is a waiver of all defects in the service of process or even the want of process. *Deitz v. City of Central,* 1 Colo. 330; *Wyatt v. Freeman,* 4 Colo. 15; *Charles v. Amos,* 10 Colo. 277, 15 Pac. 417; *C. C. R. Co. v. Caldwell,* 11 Colo. 545, 19 Pac. 542; *Paul v. Rooks,* 16 Colo. App. 47, 63 Pac. 711; *School Dist. v. Waters,* 20 Colo. App. 106, 77 Pac. 255.

It is therefore our conclusion that the attachment proceedings were properly dismissed; but that the court was in error in dismissing the action. Upon the latter ground the case is reversed and the cause remanded for trial.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.