## Carl H. Elshoff, Respondent, v. Thomas F. Murray et al., Relators.

## Gen. No. 7,766.

1. JUDGES—*propriety of vacation of appeal bond and decree by other than trial judge.* There was nothing unlawful or unethical in a sitting judge vacating an order approving an appeal bond and vacating a decree which had previously been entered by the regular judge, where it appeared that such regular judge had been notified of the proceeding by letter at a place where he was otherwise engaged and had requested the sitting judge to hear the motions and "do in the matter whatever was compatible with the equities and justice of the cause."

2. APPEAL AND ERROR—*jurisdiction of lower court to vacate appeal bond and decree during term.* The circuit courts have the power during the term to vacate their orders approving bonds on appeal, on motion of the party taking the appeal, and may thereafter, on a proper showing, vacate the judgment or decree from which the appeal was prayed.

3. APPEAL AND ERROR—*invoking special jurisdiction of Appellate Court to continue injunction pending appeal as estoppel to vacate appeal bond and decree.* The fact that an appellant in this court invoked the special jurisdiction of the court to procure an order extending the life of a preliminary injunction and filed an additional bond in this court therefor, did not estop such appellant from moving in the circuit court for the vacation of the order approving the appeal bond and thereafter procuring a vacation of the decree, nor waive his right, at the same term of court, to ask the trial court for a rehearing.

4. CERTIORARI—*scope of relief.* A writ of certiorari will lie from this court only in aid of the court's jurisdiction and the judgment to be rendered on return of the writ is that the writ be quashed or that the record of the proceedings be quashed.

### ON REHEARING.

5. APPEAL AND ERROR—*effect of Practice Act, § 100 on jurisdiction of lower court to vacate judgment during term after appeal.* Under Practice Act, sec. 100, Cahill's Ill. St. ch. 110, ¶ 100, providing that records need not be filed in the Appellate Court until twenty days after term, the lower court has jurisdiction to vacate the approval of the appeal bond and the decree appealed from during term in a proper case.

Elshoff v. Murray, 235 Ill. App. 488.

Writ of certiorari by defendants to the Circuit Court of Sanga-
mon county; the Hon. E. S. SMITH, Judge, presiding. Heard in
this court at the October term, 1924. Writ quashed. Opinion filed
December 31, 1924. *Certiorari* denied by Supreme Court (making
opinion final).

SOELKE, JOHNSON & KOEHN and GEORGE W. KENNEY,
for relators.

JOHN G. FRIEDMEYER, WINSTON, STRAWN & SHAW
and A. M. FITZGERALD, for respondent.

MR. PRESIDING JUSTICE SHURTLEFF delivered the
opinion of the court.

Relators filed their petition in this court, praying
for the issuing of a writ of certiorari, directed to the
clerk of the circuit court of Sangamon county and the
judges of said court, directing them to certify to this
court a transcript of the record and proceedings in
a certain chancery cause, lately pending in said court,
wherein the said Carl H. Elshoff, the respondent here,
was complainant and Thomas F. Murray, Mildred
Spacek and the Murray Coal and Coke Company, re-
lators here, and others were defendants. The writ
was issued and with the transcript of said proceed-
ings is returned into this court.

From said transcript it appears that the respondent
Elshoff, on the 19th day of October, 1922, filed his
bill of complaint in said court, praying an accounting
with the defendants Thomas F. Murray, Mildred
Spacek and the Murray Coal and Coke Company,
relators in this suit, and various other parties were
made defendants to the bill, charged with having
moneys and other property in their hands belonging
to complainant and the relators, and a preliminary
injunction was issued. There was an amended bill
filed, which was answered by the defendants and the
cause was referred to the master in chancery to take

the proofs and make his findings of fact and conclusions of law thereon and present to the court. Thereafter, such proceedings were had in said cause; that on the 2nd day of April, A. D. 1924, on the motion of the defendants, relators here, a final decree was entered in the March term, A. D. 1924, of said court, dismissing said bill for want of equity. It further appears that on the same day, after the entering of said final decree, the complainant Elshoff prayed and was granted an appeal from said decree to this court, conditioned that the complainant would file an appeal bond with surety to be approved by the clerk of the court, in the sum of $1,000, within thirty days from the granting of said appeal, and the certificate of evidence was to be signed and filed within ninety days. The circuit court of Sangamon county at that time denied the complainant's motion to continue the injunction in force. On the 7th day of April, A. D. 1924, the complainant filed his appeal bond, which was approved by the clerk. Thereafter, on the 10th day of April, 1924, the complainant Elshoff presented a record of said cause with affidavits and proofs to one of the justices of this court and secured an order which, in effect, extended the time within which said complainant (appellant) might apply to this court for an order continuing said preliminary injunction, pending said appeal, to the 17th day of April, A. D. 1924, and thereafter the record of said cause, having been presented to and filed with the clerk of this court in open court, upon a hearing had and the arguments of counsel presented to the court, on the 17th day of April, A. D. 1924, this court entered in said cause an order continuing in force the preliminary injunction granted by the circuit court of Sangamon county, on condition that complainant Elshoff file an additional bond, with surety, in the sum of $10,000, which bond was filed on or about the 22d day of April, A. D. 1924, with the clerk of this court and approved by the court.

It further appears that thereafter, on the 26th day of April, A. D. 1924, and during the March term, A. D. 1924, of said court, the complainant Elshoff again appeared in said cause in the circuit court of Sangamon county and entered a motion to redocket the cause, to vacate the order approving the appeal bond, and to vacate the decree entered on April 2, 1924, and presented to the court various affidavits and proofs, upon which an order was entered in the circuit court of Sangamon county on the 26th day of April, A. D. 1924, and during the March term of said court, vacating the order approving the appeal bond in said cause, and vacating the decree entered April 2, A. D. 1924. Some complaint is made because the motions made on April 26, 1924, and orders entered were heard by a different judge than the one who entered the decree April 2, 1924, in the circuit court of Sangamon county, but it was shown that the judge who entered the decree of April 2 had left Sangamon county and was engaged, so that it was impossible for him to return to Sangamon county again during the March term, A. D. 1924, of said court; that he had been notified of the proceeding and by letter had requested the sitting judge to hear the motions and "to do in the matter whatever was compatible with the equities and justice of the cause." There was nothing unlawful or unethical in the conduct of the sitting judge. *People v. DeYoung*, 298 Ill. 380.

Relators contend that by the filing and approval of the appeal bond in the circuit court of Sangamon county and the proceedings had in this court, the circuit court of Sangamon county lost all jurisdiction of said cause, and that the orders entered in that court on April 26, A. D. 1924, were without jurisdiction and void.

If it were a question only of the jurisdiction of the lower court to vacate the approval of the appeal bond and then vacate the decree, the matter would be of

easy solution, as the Supreme Court, in *Finkelstein v. Lyons,* 250 Ill. 27, and in *Briggs v. Dunne,* 163 Ill. 36, has plainly and conclusively settled that question and held that the lower court has jurisdiction over its orders and decrees during the term, in accordance with a long line of settled authorities, and that even after an appeal has been prayed and allowed and the bond for appeal filed and approved, the court may vacate the decree or judgment, but it must first vacate the order or approval of the bond. The cases cited by relators were cited and distinguished in *Finkelstein v. Lyons, supra,* and the court said:

"The decisions of this court relied on by appellant are *Owens v. McKethe,* 5 Gilm. 79; *Reynolds v. Perry,* 11 Ill. 534; *Smith v. Chytraus,* 152 Ill. 664; *Cowan v. Curran,* 216 Ill. 598, and *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526. An examination of those cases will show that the question here raised was not involved in any of them."

In the view of the court in the cases cited by appellant in the *Finkelstein* case and by relators in this case, the orders entered in the lower court had been entered without vacating the orders approving the appeal bonds, respectively, which resulted in "a perfected appeal" in each case. Relators further cite *City of Chicago v. Lord,* 281 Ill. 417, and *People v. Wiley,* 284 Ill. 189, and in the latter case the court does use language which supports relators' contention, holding:

"An appeal allowed by the trial court is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the Circuit Court," citing: *Reynolds v. Perry, supra; Merrifield v. Western Cottage Piano & Organ Co., supra;* and *City of Chicago v. Lord, supra,* but it appears that the first two cases cited were carefully distinguished by the court in the *Finkelstein* case, and in *City of Chicago v. Lord, supra,* the record

shows that "the appeal had been perfected" and there was no order entered vacating the approval of the bond. In the expression used by the court in *People v. Wiley, supra,* the court must have had in mind a perfected appeal, which included the approval of the appeal bond, as all of the facts in *City of Chicago v. Lord, supra,* and *People v. Wiley, supra,* bring both cases clearly within the class that the court distinguished and explained in *Finkelstein v. Lyons, supra. Finkelstein v. Lyons, supra,* is fully sustained by the reasoning and holding in *Briggs v. Dunne, supra,* and nothing said by the court in the later cases cited by relators tends to indicate that the court had in mind or intended to modify anything which was said in *Briggs v. Dunne, supra,* or *Finkelstein v. Lyons, supra.* The rule in those cases has been followed in *Mason & Trent Bros. v. Neal,* 204 Ill. App. 543. Relators contend that the facts in *Briggs v. Dunne, supra,* and *Finkelstein v. Lyons, supra,* are to be distinguished from the facts in the case at bar in that in these cases the appellee moved, in the lower court, to vacate the approval of the bond, while in the case at bar the motion to vacate was made by the party praying the appeal. Relators' contention as to the facts is correct as to the case of *Briggs v. Dunne, supra,* in which the motion to vacate was made by the appellee, on the ground of the insufficiency of the bond, but the situation in *Finkelstein v. Lyons, supra,* is identical with the case at bar. In that case, after the filing and approval of the appeal bond, the appellant praying the appeal thereafter moved to vacate the approval of the bond, and upon such motion being sustained and the approval vacated, the appellant moved the vacation of the decree. We have no doubt but that it is the settled law of this State that circuit courts, during the same term, have the power and jurisdiction to vacate orders approving bonds on appeal, and thereafter, on a proper showing, to vacate

judgments and decrees from which such appeal was prayed. That question, as to the power and jurisdiction of the circuit court, is conclusively settled in *Briggs v. Dunne, supra,* and *Finkelstein v. Lyons, supra.*

In the case at bar, the further question is raised that the appellant, prior to the vacation of the appeal, invoked the special jurisdiction of this court to procure an order extending the life of a preliminary injunction and filed an additional bond therefor in this court and should, therefore, be estopped from thereafter moving in the lower court to vacate the appeal.

In *Briggs v. Dunne, supra,* the court held (page 38):

"It is a familiar rule, and one well understood, that a circuit court may, upon a proper showing, during the term at which a judgment or decree is rendered, modify or set aside such judgment or decree. In other words, during the term of court the court has free power and control over its orders and judgments, and they may be modified or set aside upon a proper showing, as justice may require. If the court has the power to vacate a judgment or decree during the term, it is plain that the order vacating the judgment approving the bond was one within the jurisdiction of the court, and after that order was entered appellants' appeal was at an end, unless a new bond should be filed within the time limited by the court. As that was not done the appeal is not properly here, and the motion to dismiss the appeal will be allowed."

The question raised is one affecting the jurisdiction of this court and not the jurisdiction of the circuit court. Appellant, on the appeal, had the right at any time to come into this court and dismiss his appeal. Such a dismissal would, *ipso facto,* have vacated and rendered void the order extending the preliminary injunction. The jurisdiction of this court is limited by the constitution and by statute to review the final judgments, orders and decrees of the circuit and

other courts named, in certain cases, by appeal and writ of error and the powers incident thereto, and it has no further jurisdiction.

The order vacating the decree in the circuit court of Sangamon county on April 26, 1924, was an interlocutory order, and left the cause between said parties without any final order, judgment or decree upon which an appeal or writ of error could be based, and this court without any jurisdiction upon which to act, which should govern the action of the court whenever it is called to the attention of the court. Jurisdiction can never be vested by estoppel, nor can the parties give the court jurisdiction over the subject-matter by their conduct. *Town of Audubon v. Hand,* 223 Ill. 370; *City of Aurora v. Schoeberlein,* 230 Ill. 501; *Harty Bros. & Harty Co. v. Polakow,* 237 Ill. 559; *Conover v. Gatton,* 251 Ill. 588; *Peterson v. Peterson,* 264 Ill. 121.

Relators further contend that when the respondent moved in the circuit court and secured the vacation of the order approving the appeal bond and the decree, even though that court had no jurisdiction to enter such orders, the action of respondent operated as an abandonment of his appeal, citing *Montevallo Coal Min. Co. v. Reynolds,* 44 Ala. 252; *Peel v. Elliott,* 16 How. Pr. (N. Y.) 483, and *Noble v. Prescott,* 4 E. D. Smith (N. Y.) 139. With this contention of relators we concur, but we cannot agree with relators' further contention that respondent, by obtaining an order in this court extending the preliminary injunction, waived his right to ask the trial court for a rehearing in that court, if applied for at the same term on the vacation of the appeal.

Relators have urged in argument many of the facts and circumstances appearing in the testimony claimed by relators to substantiate the decree entered in the lower court, dismissing respondent's amended bill of complaint for the want of equity, but as there is be-

fore us no final order, judgment or decree of the lower court, none of those matters are taken into consideration by the court.

A writ of certiorari will only lie from this court in aid of the court's jurisdiction, and the judgment to be rendered on return of the writ is, that the writ be quashed or that the record of the proceedings be quashed. *Cass v. Duncan,* 260 Ill. 228.

From the record before us it does not appear that the circuit court of Sangamon county exceeded its jurisdiction in vacating the order approving the appeal bond and the decree in said cause and the writ of certiorari, therefore, sued out of this court by relators is quashed.

*Writ quashed.*

On petition for rehearing relators further cite: *Sinclair v. Sinclair,* 224 Ill. App. 133, and *Elgin Lumber Co. v. Langman,* 23 Ill. App. 257, but these cases and all the cases where they are cited come under the same class as *Owens v. McKethe,* 10 Ill. (5 Gilm.) 79; *Reynolds v. Perry,* 11 Ill. 534; *Smith v. Chytraus,* 152 Ill. 664; *Cowan v. Curran,* 216 Ill. 598; and *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526, cited and distinguished to *Finkelstein v. Lyons, supra,* in which no motion was made in the court below to vacate the approval of the bond and orders for appeal.

In *Elgin Lumber Co. v. Langman, supra,* the court recites the provisions of the various statutes allowing appeals as follows:

"Under the statutes of 1845, the time within which the appellant was required to file a transcript of the record in the appellate tribunal dated 'from the time of making the appeal'; under the Act of 1865 it dated from the time of the rendition of the decree, judgment or order appealed from, and under the law of 1879, now in force, it dates from the last day of the term. Under the statute of 1845, and the Act of 1865, the rule insisted upon by appellants would necessarily

have led to complications and embarrassment and clashings in courts of different jurisdictions." And holds: "Under the statute as it now stands, and in view of the long terms of circuit courts which are held in some of our larger and more populous counties, and of the fact that, although under the present law the record would in no case be required to be filed in the Appellate Court until after the final adjournment of the term of the trial court, yet that transcripts from such latter courts are frequently and voluntarily filed in the Appellate Court and the causes submitted and decided there before the final adjournment of the term of the trial court at which the judgment or decree was rendered, the same troubles would occur, and lead to absurd results that can readily be perceived. We think there was no error in denying the petition for rehearing."

We cannot agree with this conclusion. In the opinion of this court the purpose in amending section 100 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 100], so that records should not be required to be filed in the Appellate Courts until twenty days after the expiration of the term, was to give the courts in which the records originated further opportunity to correct errors occurring in such courts, and to effect that reviewing courts should only pass upon final judgments and decrees.

In view of the holding in *Finkelstein v. Lyons, supra,* and the amendments to section 100 of the Practice Act, as set out, it is the view of this court that during the term the court in which the judgment or decree is entered has jurisdiction to vacate the approval of the appeal bond and the appealing orders, and in a proper case the judgment or decree entered by the court, and this would necessarily result in no final order or decree upon which the appeal could be based, and would amount to a dismissal of the appeal. The appellee in no case is required to join in error until after the adjournment of the term of the court below. We cannot perceive where such a practice

would lead to complications or embarrassments, and it should lead to the correction of errors more easily and at a less expense.   It is held that the approval of the appeal bond perfects the appeal and ousts the lower court of jurisdiction while the order stands and is not vacated.   Yet the court below may vacate such orders during the term.  *Finkelstein v. Lyons, supra.* The force and strength of filing a record in the appellate tribunal could not any more effectually perfect an appeal if there was not a final order or decree in the court below upon which it was based, except it would leave a record subject to dismissal.   It should not deprive the court in which the judgment or decree was entered of jurisdiction over its orders and decrees during the term, and in the opinion of this court does not.   This position seems to be sustained by authority.   *Cook v. Wood,* 24 Ill. 297; *State Sav. Institution v. Nelson,* 49 Ill. 171; *Tosetti Brewing Co. v. Koehler,* 200 Ill. 372; and 3 Corpus Juris, p. 1265.

In *Cook v. Wood, supra,* after citing numerous cases the court held:

"We admit that the power to set aside a default is a discretionary power, but hold that it must be exercised during the term at which the default was taken and whilst the record in legal contemplation is still in the breast of the court.   The judgments are then *in fieri,* and are amendable at common law."

And in *Tosetti Brewing Co. v. Koehler, supra,* the court said:

"The decree was under the control of the court during the May term, at which it was entered, and might have been set aside or vacated during the term, or subsequently, upon motion made during the term and continued to a subsequent term."

And in 3 Corpus Juris, p. 1265, it is held:   It is true the rule is that "after an appeal or writ of error has been taken or sued out and perfected, the judgment or order in the court below cannot be vacated or set aside.   The rule is subject, however, to the

power of courts over their own judgments and orders during the term, notwithstanding steps taken to perfect an appeal or writ of error.'' Citing *Finkelstein v. Lyons, supra.*

In this State a party may dismiss his appeal as a matter of right (*Adkinson v. Gahan,* 114 Ill. 21) and upon dismissal of the appeal the cause stands in the lower court as though no appeal had even been taken. *Hancock County v. Marsh,* 3 Ill. 491; 4 Corpus Juris, p. 607.

Nothing that is said in *Roemer v. Simon,* 91 U. S. 150 (23 L. Ed. 267) in principle expresses a contrary view. In *Roemer v. Simon, supra,* it is held that it is the proper practice, under the equity rules of the federal courts, that during the term either of the parties may apply to the lower court for a rehearing, but that the lower court and not the parties may send a request to the Supreme Court for a return of the record, in order that the lower court may proceed further with the cause. With this addition the petition for a rehearing is denied, and the former opinion is adhered to.

*Rehearing denied.*